ACCEPTED
04-15-00315-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/20/2015 1:28:52 PM
KEITH HOTTLE
CLERK

NO._____  04-15-00315-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

**CEARTH FAIRE**,

*Petitioner,*

***v.***

***FMP SA MANAGEMENT GROUP, LLC d/b/a
FOOD MANAGEMENT PARTNERS, LLC*, ALL JONES, LLC
ALLEN J. JONES, INDIVIDUALLY, PETER DONBAVAND,
INDIVIDUALLY, AND JASON KEMP, INDIVIDUALLY**,

*Respondents.*

Cause No. 2014-CI-16674 from the
150th District Court, Bexar County, Texas
Hon . Antonia Arteaga, presiding

**Petition for Leave to File Interlocutory Appeal Pursuant to
Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f)**

Olga Brown
State Bar No. 03155500
LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210.226.1550/210.226.1884
argyle2@sbcglobal.net

Jeff Small
State  Bar No. 00793027
LAW OFFICE OF JEFF SMALL
12451 Starcrest, Suite 100
San Antonio, Texas 78216
210.496.0611/f: 210.579.1399
jdslaw@satx.rr.com

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

    Issue No. 1:    Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial? . . . . . . . . . . . . . . . . . . vi

    Issue No. 2:    Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail? . . . . . . . . . . . . . . . . . . . . . . . vi

INFORMATION COMPLYING WITH RULE 25.1(d). . . . . . . . . . . . . . . . . . vi

STATEMENT OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REASONS TO GRANT PERMISSION
FOR AN INTERLOCUTORY APPEAL.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief.. . . . . . . . . . . 5

    A.    Texas Rule of Civil Procedure 91a. . . . . . . . . . . . . . . . . . . 5

    B.    There is "no basis in law" only if the pleading fails to state a recognized cause of action.. . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded.. . . . . . . . . . . . . . . . 7

CONCLUSION and PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

VERIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# INDEX OF AUTHORITIES

## Cases

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*City of Keller v. Wilson*,
   168 S.W.3d 802 (Tex. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Drake v. Walker*,
   No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732
   (Tex. App.— Dallas May 8, 2015, no pet. h.). . . . . . . . . . . . . . . . . 5

*GoDaddy.com, LLC v. Hollie Toups* ,
   429 S.W.3d 752 (Tex. App.—  Beaumont 2014, pet. denied) . . . . . . . 8

*Gulley v. State Farm Lloyds*,
   350 S.W.3d 204 (Tex. App.-- San Antonio 2011, no pet.) . . . . . . . . . 4

*Scott v. Gallagher*,
   209 S.W.3d 262 (Tex. App.— Houston [1st Dist.] 2006, no pet.). . . . 7

*Wooley v. Schaffer*,
   447 S.W.3d 71 (Tex. App.— Houston [14th Dist.] 2014, pet. filed). . . 5

## Rules

TEX. R. APP. P. 25.1(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. APP. P. 28.3(k). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

TEX. R. CIV. P. 47 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. R. CIV. P. 91a.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

TEX. R. CIV. P. 91a.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a.5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TEX. R. CIV. P. 91a, cmt. to 2013 change. . . . . . . . . . . . . . . . . . . . . . . . . 4

**<u>Other Authorities</u>**

David E. Chamberlain and W. Bradley Parker,
    *Rule 91a Motions to Dismiss*,
    in State Bar of Texas Ultimate
    Motions Practice Course (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

House Comm. on Civil Practices, Bill Analysis,
    Tex. H.B. 978, 77th Leg., R.S. (2001) . . . . . . . . . . . . . . . . . . . . . . . . 4

## ISSUES PRESENTED

*Issue No. 1*: Does permitting an interlocutory appeal now serve the best interests of judicial economy thereby eliminating the risk of two trials by deciding the propriety of the trial court's Rule of Civil Procedure 91a dismissal of several of Petitioner's causes of action before the remaining issues go to trial?

*Issue No. 2*: Is dismissal under Rule 91a proper when Petitioner's causes of action state a recognized cause of action and her factual pleadings do not show as a matter of law that she cannot prevail?

## INFORMATION COMPLYING WITH RULE 25.1(d)

Plaintiff/Appellant Cearth Faire desires to pursue an interlocutory appeal in accordance with the provisions of Texas Rule of Appellate Procedure 28.3 and the Texas Civil Practice and Remedies Code section 51.014(f). The order being appealed dated May 6, 2015 (ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 1)), overruled Ms. Faire's Motion for Reconsideration/New Trial in cause number 2014-CI-16674, which dismissed certain of Ms. Faire's causes of action pursuant to Rule 91a. If the Court grants leave to file an interlocutory appeal pursuant to TEX. R. APP. P. 28.3(k), that appeal is treated as accelerated in accordance with Rule 26.1(b).

**STATEMENT OF FACTS**

The facts stated herein are those as alleged in Plaintiff's Fourth Amended Petition (App'x Tab 3).

Defendants/Appellants FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC and All Jones, LLC, all of which are owned and controlled by Defendant Allen Jones, employed Plaintiff/Appellant Faire. Defendants Peter Donbavand and Jason Kemp are business partners of Allen Jones. In addition to her employment for the corporate defendants, Ms. Faire also served as Defendant/Appellant Allen J. Jones personal assistant. As his personal assistant, Ms. Faire took care of Allen Jones' personal matters. She lived in the Dominican Republic caring for Jones' children on a 24/7 basis for approximately five months, also assisting administratively in his defense in Jones' divorce proceedings pending in Bexar County, Texas during 2013 and 2014.

In recognition for her loyal and tireless employment services to him, Jones gifted Ms. Faire the house at 8647 Timber Place in San Antonio. Jones negotiated with Defendant Jason Kemp, who works for Jones, and purchased the home at 8647 Timber Pl, San Antonio, TX 78250, from Kemp's wife who was the deeded owner of that property. It was this property that Jones gifted

to Ms. Faire. Jones instructed another employee, Peter Donbavand, in his individual capacity and outside the scope of corporate business, to prepare the necessary documents so Jones could finalize the gift to Ms. Faire. Jones later retaliated against Ms. Faire by denying he had gifted the real estate to her.

Both defendants Donbavand and Kemp, while business partners of Jones and employees and agents of FMP, routinely served Jones as personal aides, taking and executing orders from Jones outside the course and scope of their duties with the corporate entities to meet his personal demands without regard for whether those orders served the corporate interests.

While Donbavand completed the necessary transfer documents, Jones insisted that Ms. Faire move into the house, which she did in reliance on his gift of the house to her. She made valuable and permanent improvements to the house in reliance on Defendant Jones' promise to her. She also incurred moving expenses, as well as expenses in making permanent improvements to the residence to make it habitable.

When Ms. Faire refused Jones' sexual advances, he fired her despite having recently promoted her, given her additional duties, and increased her pay based on meritorious work. Jones then ordered Donbavand and Jason Kemp to evict Ms. Faire from the house Jones had given her. Jones also

2

reneged on other promises he had made to Ms. Faire.

Ms. Faire sued for sexual harassment, conspiracy, promissory estoppel, and fraud. Defendants filed a Rule 91a motion and an amended motion to dismiss (DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2)). After Defendants filed their amended motion to dismiss, but before the hearing at which the causes of action were dismissed, Ms. Faire amended her petition to drop the claim for promissory estoppel and added a claim for an oral gift of real estate. *See* PLAINTIFF'S FOURTH AMENDED PETITION (App'x Tab 3).Defendants filed no further amended pleadings until after the motion to dismiss had been heard, belatedly asking for the opportunity to present evidence of reasonable and necessary attorneys' fees.

The trial court overruled Ms. Faire's motion to reconsider the dismissal of her causes of action on May 6, 2015. ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS dtd MAY 6, 2015 (App'x Tab 1);ORDER GRANTING DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS dtd April 9, 2015 (App'x Tab 2).

## REASONS TO GRANT PERMISSION
## FOR AN INTERLOCUTORY APPEAL

This Court should grant leave for an interlocutory appeal because Rule 91a is relatively new[1] and, thus, there is not a great deal of case law to guide its interpretation. Permitting an interlocutory appeal at this point in the case will serve the interests of judicial economy and advance the ultimate termination of the litigation in that the question at hand involves a controlling question of law. This is so because an appeal at this juncture will eliminate the potential for two trials if the trial court's Rule 91a dismissal of several of Plaintiff/Appellant's causes of action was, indeed, erroneous. *See Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.— San Antonio 2011, no pet.) (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001) (explaining that the addition of subsection (d) would promote judicial efficiency by "allowing the trial court to certify a question for appeal" when "the trial court rules on an issue that is pivotal in a case but about which there is legitimate disagreement")).

---

[1] Adopted by the Supreme Court of Texas February 12, 2013. *See* TEX. R. CIV. P. 91a, cmt. to 2013 change

## ARGUMENT

**The trial court erred by dismissing Petitioner's causes of action because each states a recognized cause of action in Texas and none of her factual pleadings affirmatively negate her entitlement to relief.**

### A. Standard of Review

A trial court's ruling on a Rule 91a motion to dismiss — whether there is a basis in law and a basis in fact — is reviewed de novo; the pleadings are construed liberally in favor of the plaintiff, looking to the pleader's intent; and the factual allegations in the pleadings are accepted as true. *Wooley v. Schaffer*, 447 S.W.3d 71, 74 (Tex. App.— Houston [14th Dist.] 2014, pet. filed) (analogizing 91a dismissal motion to plea to the jurisdiction); *see Drake v. Walker*, No. 05-14-0355-CV, 2015 Tex. App. LEXIS 4732, at *7 (Tex. App.— Dallas May 8, 2015, no pet. h.).

### A. Texas Rule of Civil Procedure 91a

Rule 91a permits the dismissal of only those causes of action that have "no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

Rule 91a specifically requires that a motion to dismiss address each challenged cause of action and must state specifically the reason the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The court may not rule on a cause of action that has been non-suited or is not included in the plaintiff's latest amended petition. TEX. R. CIV. P. 91a.2, 91a.5. Further, the rule explicitly states that in determining a Rule 91a motion the trial court is to consider only the pleadings and may NOT consider evidence. TEX. R. CIV. P. 91a.6.

The trial court's dismissal here violates each of those tenets. *Compare* DEFENDANTS' FIRST AMENDED RULE 91A PARTIAL MOTION TO DISMISS (App'x Tab 2), *with* PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION (App'x Tab 3). Because the trial court dismissed issues already amended out of the pleadings at the time of the hearing and Defendants orally requested and were granted dismissal of a cause of action not addressed in their amended motion (*See* App'x Tab 1 & App'x Tab 2), there is a legitimate question in this case whether the trial court's dismissal of Petitioner's causes of action was proper. Thus, this Court should grant permission for an interlocutory appeal of that dismissal.

**B.  There is "no basis in law" only if the pleading fails to state a recognized cause of action.**

Texas "[c]ourts are likely to dismiss causes of action under Rule 91a in three circumstances: (1) when a cause of action is not recognized by Texas law; (2) when the pleading alleges facts that negate a cause of action; and (3) when pleading exhibits, attached pursuant to Rule 59, demonstrate that claimant is not entitled to the relief sought as a matter of law." David E. Chamberlain and W. Bradley Parker, *Rule 91a Motions to Dismiss*, in STATE BAR OF TEXAS ULTIMATE MOTIONS PRACTICE COURSE, at § II B.1., at 4 (2013) (App'x Tab 4).

The question presented by Rule 91a is "relatively straightforward" — Do the pleadings state a cause of action that would entitle the plaintiff to relief? *Scott v. Gallagher*, 209 S.W.3d 262, 267 (Tex. App.— Houston [1st Dist.] 2006, no pet.) ("no arguable basis in law" under Civil Practice and Remedies Code Chapter 14 means a claim that is "indisputably meritless"). Putting it differently, the question is "whether, as a matter of law, [the petition] state[s] a cause of action that would authorize relief." *Id.* Thus, giving the pleader the benefit of the doubt, if a plaintiff's petition arguably states a cause of action recognized in the state of Texas, dismissing it under Rule 91a is error. *Id.*

**C.     A pleading has "no basis in fact" only if no reasonable person could believe the facts pleaded.**

When analyzing a plaintiff's petition as to whether it has a basis in fact, a court may go no further than ascertaining whether a "reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. A claim may be dismissed for having "no basis in fact" when, taken as true as the pleaded facts must be, they are legally insufficient to  support plaintiff's claim. *See City of Keller v. Wilson*, 168 S.W.3d 802, 811- 17 (Tex. 2005). If the facts pleaded satisfy Texas's notice pleading requirements, the claim is not subject to dismissal under Rule 91a.  *See* TEX. R. CIV. P. 47 (a) (pleading satisfies notice pleading requirements if it gives "fair notice of the claim involved").

Using the Federal Rule of Civil Procedure 12(b)(6) for guidance, the Beaumont Court of Appeals observed that a claim will survive dismissal if the pleader alleges "enough facts to state a claim to relief that is plausible on its face." *GoDaddy.com, LLC v. Hollie Toups* , 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**CONCLUSION and PRAYER**

Judicial efficiency will be served here by granting leave for an interlocutory appeal rather than permitting a trial to go forward on the

remaining issues in this cause only to have the issue of the propriety of the 91a dismissal then come before this court and be remanded back for another trial if the 91a dismissal is determined to be erroneous. The interests of all concerned would be better served by abating the trial court proceedings, permitting the interlocutory appeal to go forward, and then reinstating the trial court proceedings after a determination has been made by this Court on the 91a issue.

The trial court dismissed a cause of action that had been amended out of Petitioner's pleadings before the hearing on the motion to dismiss; dismissed a cause of action not addressed in Respondents' Amended Motion to Dismiss, and delved into evidentiary details rather than ruling strictly on the pleadings as required by Rule 91a. All of these actions are error requiring reversal of the trial court's dismissal. It is better that the reversal come now rather than after a trial on the remaining issues and then a remand for another trial.

Accordingly, Petitioner respectfully requests that she be permitted to pursue an interlocutory appeal of the trial court's dismissal of her causes of action.

Respectfully submitted,

**/s/ Jeff Small**

| | |
|---|---|
| Olga Brown | Jeff Small |
| State Bar No. 03155500 | State Bar No. 00793027 |
| LAW OFFICE OF OLGA BROWN | Law Office of Jeff Small |
| 111 Soledad, Suite 1725 | 12451 Starcrest Dr., Suite 103 |
| San Antonio, Texas 78205 | San Antonio, TX 78216.2988 |
| 210.226.1550/210.226.1884 | 210.496.0611/F: 210.579.1399 |
| argyle2@sbcglobal.net | jdslaw@satx.rr.com |

Counsel for Petitioner Cearth Faire

**VERIFICATION**

Before me, the undersigned notary, on this day personally appeared Olga Brown, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Olga Brown. I am over 18 years of age, of sound mind, and capable of making this verification. the facts in this verification are within my personal knowledge and are true and correct.

2. I am one of the attorneys for petitioner. All the documents included with this petition for permission to file an interlocutory appeal are true copies."

RAMONA J. FLORES
Notary Public, State of Texas
My Commission Expires
August 16, 2016

Olga Brown

Sworn to and subscribed to before me by Olga Brown on May 20th, 2015.

Notary Public, State of Texas

10

## CERTIFICATE OF COMPLIANCE

In compliance with Tex R. App. P 9.4(i)(3), I certify that the number of words in this document, excluding those matters list in Rule 9.4(i)(1), which was prepared in WordPerfect X6 using 14-point Book Antiqua, is 1893 words.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Petition for Leave to File Interlocutory Appeal Pursuant to Tex. R. App. P. 28.3 and Tex. Civ. Prac. & Rem. Code 51.014(f) has been served on counsel of record/interested parties as shown below in accordance with the Rules of Civil Procedure on May 20, 2015.

Justin Barbour
StateBarNo. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
jbarbour@sr-llp.com

/S/ *Jeff Small*

# APPENDIX

Order Granting Defendants' First Amended Rule 91a. . . . . . . . . . . . . . . Tab 1
    Partial Motion to dismiss dtd May 6, 2015
    (overruling Mtn for New Trial/Reconsideration)

Order Granting Defendants' First Amended Rule 91a. . . . . . . . . . . . . . Tab 2
    Partial Motion to Dismiss dtd April 9, 2015

Defendants' First Amended Rule 91a Partial Motion to Dismiss. . . . . . Tab 3

Plaintiff's Fourth Amended Original Petition. . . . . . . . . . . . . . . . . . . . . . Tab 4

Plaintiff's Motion for New Trial/Reconsideration. . . . . . . . . . . . . . . . . . Tab 5

Article, David E. Chamberlain and W. Bradley Parker, . . . . . . . . . . . . . Tab 6
    *Rule 91a Motions to Dismiss*,
    in STATE BAR OF TEXAS ULTIMATE
    MOTIONS PRACTICE COURSE (2013)

Reporter's Record from April 9, 2015 Dismissal Hearing. . . . . . . . . . . . Tab 7

Reporter's Record from May 6, 2015 Reconsideration Hearing. . . . . . . Tab 8

# Tab 1

| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

**ORDER GRANTING DEFENDANTS' FIRST AMENDED
RULE 91a PARTIAL MOTION TO DISMISS**

On this date, the Court considered Plaintiff's Motion for Reconsideration/New Trial. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration/New Trial is DENIED.

SIGNED on this 6th day of May, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:

_____
Counsel for Plaintiff

_____
Counsel for Defendant

# Tab 2

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## ORDER GRANTING DEFENDANTS' FIRST AMENDED
## RULE 91a PARTIAL MOTION TO DISMISS

On this date, the Court considered Defendants' First Amended Rule 91a Partial Motion to Dismiss. After careful consideration of the Motion, the response thereto, arguments of counsel, and the relevant law, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' First Amended Rule 91a Partial Motion to Dismiss is GRANTED. It is further ORDERED that Plaintiff's claims for promissory estoppel, "oral gift" of real estate, and conspiracy are DISMISSED WITH PREJUDICE, and ~~Defendants are awarded their reasonable and necessary attorney's fees incurred with respect to these challenged causes of action.~~

SIGNED on this ___ day of _____, 2015.

_____
PRESIDING JUDGE

AGREED AS TO FORM:


_____     _____
Counsel for Plaintiff                Counsel for Defendant

# Tab3

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

---

## DEFENDANTS' FIRST AMENDED RULE 91a PARTIAL MOTION TO DISMISS

---

For their First Amended Partial Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a, Defendants FMP SA Management Group, LLC d/b/a Food Management Partners, All Jones, LLC, Allen J. Jones, and Peter Donbavand respectfully show the following:

### I.    INTRODUCTION & FACTUAL BACKGROUND

Plaintiff Cearth Faire filed her Original Petition in the 150th District Court, Bexar County, Texas, on October 21, 2014. Ex. 1, Pl.'s Orig. Pet. Defendants FMP SA Management Group, LLC d/b/a FMP Partners ("FMP"), All Jones, LLC ("All Jones"), and Peter Donbavand ("Donbavand") were served with the Original Petition on November 7, 2014. Defendant Allen J. Jones ("Jones") was served on November 20, 2014. All Defendants timely filed their General Denial and Defenses on November 26, 2014. Ex. 2, Def.'s Answer & Defenses. Plaintiff filed her First Amended Petition on December 5, 2014. Ex. 3, Pl.'s 1st Am. Pet. Plaintiff's First Amended Petition alleged three claims for relief: (1) promissory estoppel regarding an alleged promise to purchase a home for her, (2) "wrongful termination," and (3) conversion of certain property allegedly belonging to her.

1

On December 22, 2015—well within the 60 day period prescribed by Rule 91a.3(a)—Defendants filed their Rule 91a Motion to Dismiss. Through that Motion to Dismiss, Defendants asked the Court to dismiss (1) Plaintiff's wrongful termination claim as to all Defendants, (2) Plaintiff's promissory estoppel claim as to all Defendants, (3) all remaining claims against Defendant Donbavand and (4) the conversion and wrongful termination claims against Defendant Jones.

In response to Defendants' Rule 91a Partial Motion to Dismiss, Plaintiff filed her Second and Third Amended Petitions on January 28 and 30, 2015, respectively. Ex. 4, 2d Am. Pet; Ex. 5, 3d Am. Pet. Through these pleading amendments, Plaintiff has substantially revised the allegations pertaining to her promissory estoppel claim, while dropping her claims of "wrongful termination" and conversion. Meanwhile, Plaintiff's Third Amended Petition has added new, previously unasserted claims of sexual harassment, conspiracy, and fraud.

Defendants' Rule 91a Partial Motion to Dismiss is presently set for hearing on February 4, 2015. In light of Plaintiff's Third Amended Petition, which amends Plaintiff's promissory estoppel claim, previously challenged by Defendants, and adds new claims of sexual harassment, conspiracy, and fraud, Defendants now file their Amended Motion to Dismiss pursuant to Rule 91a.5(b). Defendants specifically move to dismiss Plaintiff's claim for promissory estoppel, as her amended pleadings do not establish a legal exception to the statute of frauds, which bars this claim as a matter of law. Defendants further move to dismiss Plaintiff's claim of conspiracy, which is barred by Plaintiff's Chapter 21's exclusive remedial framework.

## II.   STANDARD OF REVIEW

### A.   *Rule 91a Standard of Dismissal*

Texas Rule of Civil Procedure 91a requires dismissal of claims that have "no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law "if the allegations, taken as

2

true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* Meanwhile, a cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." *Id.*

### III.   ARGUMENT & AUTHORITIES

#### A.   *Plaintiff Fails to Show Exception to Statute of Frauds, Requiring Dismissal of Promissory Estoppel Claim.*

Faire asserts a claim for promissory estoppel based on Defendant Jones's allegedly "promis[ing] Plaintiff that he would buy a home and transfer ownership to" her. Ex. 5, Pl.'s 3d Am. Pet. at ¶ 11. Defendant's First Rule 91a Partial Motion to Dismiss generally outlines the manner in which the statute of frauds bars this promissory estoppel claim; however, in brief, a contract for the sale or purchase of real property, or one affecting an interest in real property, is subject to the statute of frauds. *Old Tin Roof Steakhouse, LLC v. Haskett*, No. 04-12-00363, 2013 WL 1148921, at *7 (Tex. App.—San Antonio, Mar. 20, 2013, no pet.) (mem. op.) (citing Tex. Bus. & Comm. Code § 26.01(a)(4)). As such, any alleged promise to purchase, sell, or transfer a real property interest, such as a promise to transfer home ownership in this case, must satisfy the statutory prerequisites of the statute of frauds. *See, e.g., Fontenot v. Hanus*, No. 11-10-00016, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. denied) ("agreement is subject to the Statute of Frauds because it relates to the conveyance of real property interests ...."). In such cases, Texas law specifically requires that:

> A promise or agreement [subject to the statute of frauds] is not enforceable unless the promise or agreement, or a memorandum of it, is (1) in writing and (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

TEX. BUS. & COMM. CODE § 26.01(a).

3

In this case, Plaintiff's First Amended Petition conceded that Defendant Jones's alleged promise to "buy her a house" was made orally and, thus, could be subject to the statute of frauds. *See* Ex. 3, Pl.'s 1st Am. Pet. at ¶ 28. To avoid dismissal of her promissory estoppel claim, Plaintiff has now amended her pleading to allege that the statute of frauds is inapplicable because "Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home ..." *Id.* at ¶ 24.

Plaintiff's amended promissory estoppel claim is nonetheless deficient, as a matter of law, and should be dismissed. Plaintiff baldly alleges "Defendant Jones promised he would sign the necessary documents to give" Plaintiff ownership of the home. Ex. 5, Pl.'s 3d Am. Pet. at ¶ 24. However, promissory estoppel claims only avoid "the traditional Statute of Frauds when the alleged oral promise is to sign an *existing* document that satisfies with the Statute of Frauds." *Bank of Tex., N.A. v. Gaubert,* 286 S.W.3d 546, 553 (Tex. App.—Dallas 2009, pet. denied) (emphasis in original). Thus, even if Plaintiff's allegations were accepted as true, she has failed to allege Defendant Jones promised to sign *existing* documents capable of transferring ownership of the property at issue, nor does she specifically allege that such documents had in fact in been drafted at the time the promise was allegedly made. In cases with facts and allegations like this one, courts have held the promissory estoppel exception to the statute of frauds is inapplicable and dismissed such claims with prejudice. *See id., see also Coastal Corp. v. Atl. Richfield Co.,* 852 S.W.2d 714, 718 (Tex. App.—Corpus Christi, no writ) ("Promissory estoppel is applied when a party promises to sign an *existing* written contract that would satisfy the statute of frauds, but for the lack of a signature. When a document remains to be prepared, as in this case, all of the terms must ultimately be agreed to in writing") (emphasis in original). Because Plaintiff's

4

promissory estoppel allegations, accepted as true, do not establish this exception to the statute of frauds, Plaintiff's claim must be dismissed with prejudice.

**B.    *Plaintiff's Conspiracy Claim Barred by Intra-Corporate Immunity Doctrine.***

Plaintiff's Second and Third Amended Petitions allege, for the first time in this matter, a conspiracy claim against Defendant Donbavand and Jones. This claim specifically alleges Donbavand "acted with intent to assist" other Defendants in "wrongful acts toward Plaintiff, including the discriminatory practices perpetrated." Ex. 5, 3d Am. Pet. at ¶¶ 35-37. Plaintiff's live pleading concedes that Donbavand is "a business partner of Defendant Jones," and that Defendant Jones is President & CEO of Defendant FMP. *Id.* at ¶¶ 16, 27.

Plaintiff's conspiracy claim is barred, as a matter of law, because it is alleged against Defendants Donbavand and Jones, who are both agents of Defendant FMP. Indeed, by naming FMP as a Defendant in this lawsuit, Plaintiff has herself alleged that Donbavand's and Jones's alleged acts were not made in their individual capacities but, instead, committed in the course and scope of their agency with that corporate entity. "Employees or agents of a principal acting within the course and scope of their employment or agency relationship cannot enter into a conspiracy with each other so long as they are not acting outside their capacity as an employee or agent ...." *Crouch v. Trinque,* 262 S.W.3d 417, 427 (Tex. App.—Eastland 2008, no pet.); *see also Atl. Richfield Co. v. Misty Prods., Inc.,* 820 S.W.2d 414, 420-21 (Tex. App.—Houston [14th Dist.] 1991, writ denied) ("An employee or agent of the parent corporation and an employee or agent of the wholly owned subsidiary ... cannot conspire"). Because Donbavand and Jones, both agents of FMP, were incapable, as a matter of law, from conspiring with one another, Plaintiff's conspiracy claim should be dismissed with prejudice.

5

*C.     Plaintiff's Conspiracy Claim Barred by Exclusive Statutory Remedies.*

    **1.     State Law Claims "Entwined" with Statutory Claims are Preempted as a Matter of Law.**

    Chapter 21 of the Texas Labor Code is designed to be the exclusive means by which a party can vindicate her statutory rights as it pertains to unlawful harassment or discrimination. *Wheatfall v. Potter,* No. 07-1937, 2010 WL 2854284, *4 (S.D. Tex. July 19, 2010) (federal anti-discrimination statutes, such as Title VII,[1] "provide the exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination"). As a result, a claimant's statutory harassment and discrimination claims are preemptive when the complained-of conduct is entwined with the underlying complained-of discriminatory or retaliatory conduct. *See Mosley v. Wal-Mart Stores Tex. LLC,* No. 3:10-cv-2305, 2011 WL 2893086, *3 (N.D. Tex. July 20, 2011). As the *Mosley* court explains, when:

> the gravamen of a plaintiff's case is for sexual harassment, the plaintiff must proceed **solely** under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim …. allowing [tort] damages for a TCHRA violation would eclipse the Legislature's prescribed scheme.

*Id.* In other words, Texas state common law conspiracy claims are preempted whenever they are "entwined" with or arise from the same facts supporting a statutory discrimination claim. In such situations, the preempted claims must be dismissed as a matter of course, with the claimant left solely to rely upon the exclusive, statutory remedial scheme provided by the Texas Legislature.

---

[1] The express purpose of Chapter 21 is "to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 …." *De Santiago v. West Tex. Comm. Supervision & Corrections Dept.,* 203 S.W.3d 387, 391 (Tex. App.—El Paso 2006, no pet.). "In light of this express purpose, we look to analogous federal precedent when interpreting the Texas Act." *Id.*

6

2.      **Plaintiff's Conspiracy Claim Relies on Same Underlying Facts as Statutory Chapter 21 Claims, Requiring Their Dismissal.**

In this case, Faire's conspiracy claim is not in any way factually distinct from her Chapter 21 sexual harassment and discrimination claims. In fact, Faire's Third Amended Petition unambiguously alleges that her conspiracy claim is premised on the same factual allegations supporting her Chapter 21 claims. *See* Ex. 5, 3d Am. Pet. at ¶¶ 36-37 (alleging "Defendant Donbavand . . . acted with intent to assist Defendant Jones in *discriminatory practices perpetrated against Plaintiff* . . ."). Stated differently, Faire's Third Amended Petition is devoid of any specific factual allegations related specifically and only to her conspiracy claim. In the absence of specific, distinct factual allegations, this Court can only conclude that Faire's conspiracy claim is "entwined" with her statutory harassment and discrimination retaliation claims. As a result, Faire's statutory claims provide her exclusive remedy, preempt her common law conspiracy claim, and that claim should be dismissed with prejudice.

IV.    **CONCLUSION & PRAYER**

Plaintiff's claims in this matter are, by and large, legally baseless and factually deficient. First, Plaintiff's claims for promissory estoppel are barred by the statute of frauds, as they are premised upon an oral and unwritten promise to effect the transfer of title to real estate. Furthermore, Plaintiff has failed to establish any exception to the Statute of Frauds, as a matter of law. Second, Plaintiff's conspiracy claim against Defendants is barred by the doctrine of intra-corporate immunity. Finally, Plaintiff's conspiracy claim is barred by her exclusive statutory remedies afforded by Chapter 21. As such, Defendants pray the Court dismiss these claims with prejudice pursuant to Texas Rule of Civil Procedure 91a and for all other relief to which they may be entitled.

7

Respectfully submitted,

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANTS FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC, ALLEN J. JONES, AND PETER DONBAVAND**

## FIAT

The foregoing Amended Rule 91a Partial Motion to Dismiss is hereby set for hearing at 8:30 a.m. on March 18, 2015 in the Presiding District Court, Bexar County Courthouse, San Antonio, Texas.

Signed on this _____ day of February, 2015.

_____
JUDGE PRESIDING

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via electronic service, facsimile and certified mail, return receipt requested,* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 3rd day of February, 2015.

_____
Christine E. Reinhard

9

# EXHIBIT 1

FILED
10/21/2014 4:04:21 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

4 CITS PPS W/JD - SAC2

## CAUSE NO. 2014CI16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br>§<br>§ | **150TH** JUDICIAL DISTRICT |
| *Defendants* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff, Cearth Faire, files this original petition and request for disclosure against defendants, Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

## DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.    Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.    Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

5.    Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and may be served by and through its registered agent for service of process, Peter Donbavand, 120 Chula Vista, Hollywood Park, Texas 78232.

6.    Defendant Allen J Jones, is an individual whose address is 73 La Escalera, San Antonio, Texas 78261

7.    Defendant Peter Donbavand, is an individual whose business address is, Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232

## JURISDICTION

8.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9.   Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10.   Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for over five months on a 24/7 basis assisting in his defense in a family law matter.

11.   Defendant Jones in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy her a home so she would never have worries about a residence. Defendant Jones developed a scheme for the purchase of the house that included an authorization that Plaintiff's pay scale would be increased to cover the house payments. Defendant Jones intended to hide the gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses.

12.   Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction with Plaintiff as the owner. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13. Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' promise of the gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14. Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has also conspired with the other defendants including Defendant Peter Donabavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings are currently pending in justice of the peace court.

15. Defendants continue to harass the Plaintiff although they have been put on notice that question of title is so integrally linked to the issue of possession, that the justice court is without jurisdiction over the matter. The title to the property is one of the facts that give rise to this lawsuit. Plaintiff suffers from mental anguish as a result of the conduct of Defendant Jones and the other defendants who have conspired with Defendant Jones.

## Count 1 Promissory Estoppel as a Claim

16. Defendant Jones promised the Plaintiff that he would purchase a residence for her. He promised that he would buy the home owned by another partner.

The financing of the purchase was designed so as to be disguised as follows: Plaintiff was to receive and did receive a raise to cover the monthly payments. Defendant Jones also promised Plaintiff lifetime employment.

17. All the necessary real estate documents were ordered by Defendant Jones.

18. Plaintiff relied on Defendant Jones' promise because the nature and subject of the promise was reasonable in the context of the relationship between the Plaintiff and Defendant Jones. Plaintiff 's reliance on the promise was also reasonable and substantial, and she moved into the residence incurring moving and repair expenses.

19. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court.

20. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

21. On or about July 25, 2014 at the office of FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC, hereinafter "FMP", 120 Chula Vista, San Antonio, Bexar County, Texas, Allen J Jones, President of FMP, and benefactor of

Plaintiff, made a promise to purchase a home for Plaintiff, located at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff, Cearth Faire, negotiating a temporary lease pending the purchase of the home for her.

22. At the direction of Defendant Jones, Defendant Peter Donbavand, Vice President of Real Estate & Business Development for Defendant FMP, commenced the process of purchasing the home at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff. Defendants' actions in furtherance of the promise, included but were not limited to contracting for an inspection and repairs for the home, prior to purchase.

23. At the direction of Defendant Jones, Defendant Donbavand negotiated a temporary lease agreement between, Tara Kemp, the owner of the home at 8647 Timber Place, and Plaintiff. pending closing of that purchase on or about September 15, 2014. Defendant Donbavand prepared the one-month lease pending the closing of the sale.

24. Relying on the promise to purchase, and subsequent actions on the part of Defendants, Plaintiff Faire gave notice to vacate her prior address.

25. On or about August 30, 2014, Plaintiff's employment with Defendant FMP was abruptly terminated, without notice or good cause connected with the work. Her employment was terminated after several years, and following a recent promotion and pay increase. Defendant Jones had promised Plaintiff lifetime employment based on her willingness to work around the clock if necessary.

26. Employees of Defendants All Jones, LLC, and FMP, under the direction and control of Defendants Jones and Donbavand, were instructed, and did demand and collect Plaintiff's personal iPhone, iPad, and computers. Defendants then had access to all her security and passwords, including her bank account, which they accessed.

27. On or about September 8, 2014, at the direction of Defendants Jones and Donbavand, FMP employee Jessica DeLaTorre personally delivered a Notice to Vacate Property, to Plaintiff at her home at 8647 Timber Place.

### COUNT I - Promissory Estoppel As A Claim

28. Defendant Jones made a promise to the Plaintiff that he would buy her a house. The said house was owned by Tara Kemp, the wife of his partner, Jason Kemp. Defendant Jones assured Plaintiff that the official real estate documents for conveyance were being prepared. Defendant wanted Plaintiff to own the house in consideration for her loyal employment during the past years. The nature of the promise was one that was reasonable considering the special relationship between the parties.

29. ~~Plaintiff Faire reasonably and substantially relied on the promise to her~~ detriment. Her reliance was foreseeable by Defendant Jones and other Defendants acting in concert with Jones. Further, Defendants have actual knowledge of her reliance in that in furtherance of Jones' promise to purchase the house for her, Plaintiff made numerous improvements to the home Defendant Jones promised her. Plaintiff sustained economic damages as a result and great injustice can be avoided only by enforcing the Defendant's promise.

30. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court

31. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies COde section 38.001(8) because this suit is for promissory estoppel.

## COUNT II – WRONGFUL TERMINATION

32. Over two years ago Plaintiff and Defendants entered into a valid and enforceable written employment agreement. Throughout the term of employment, Defendant Jones incessantly praised Plaintiff for her efforts both as to the companies and to his personal requirements. Defendant Jones accordingly gave her pay raises and other benefits.

33. Within two weeks of her latest pay raise, Defendant Jones breached the employment agreement by firing her without cause. Defendant Jones has failed to meet the terms of the agreement. His breach has caused injury to the Plaintiff which resulted in economic damages including but not limited to her monthly salary, benefits and a severance package. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

34. Defendant Jones' accessing of her personal bank account and Facebook account and other private matters would be offensive to a reasonable person. Plaintiff has confirmed with her bank of Defendant Jones' intrusion via the internet.

### COUNT III – CONVERSION

35. Plaintiff owned several items of electronic personal property that included an Iphone and an Ipad load with personal information and private pass codes including to bank accounts. Defendants wrongfully acquired and exercised dominion and control over Plaintiff's personal property and invade her right to privacy. Defendants have refused to return Plaintiff's personal property and continue to harass Plaintiff by illegally accessing her email accounts.

36. Plaintiff has made numerous attempts to get her personal property by means of written communications with Defendant Jones. He intentionally and willfully continues to exercise dominion and control over Plaintiff's personal property including electronic information. Defendants' wrongful acts have proximately and directly caused injury to the Plaintiff, which have resulted in economic and non-economic damages. Plaintiff seeks return of the converted property and the damages within the jurisdictional limits of the Court.

37. Further, Plaintiff seeks exemplary damages against all Defendants as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a). Plaintiff is also entitled to recover reasonable attorney fees under the Texas Property Code, because this claim is to recover her personal property.

## JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

40. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## OBJECTION TO ASSOCIATE JUDGE

41. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

    a. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

    b. Prejudgment and postjudgment interest.

    c. Court costs.

d.　Attorney's fees

e.　All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: _/s/ Olga Brown_____
OLGA BROWN
State Bar No. 03155500
_Attorney for Plaintiff_

# EXHIBIT 2

FILED
11/26/2014 11:17:31 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| FMP SA MANAGEMENT GROUP, LLC | § | 150TH JUDICIAL DISTRICT |
| d/b/a FOOD MANAGEMENT PARTNERS, | § | |
| LLC, ALL JONES, LLC, ALLEN J. JONES | § | |
| INDIVIDUALLY, AND PETER | § | |
| DONBAVAND, INDIVIDUALLY | § | |
| | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' GENERAL DENIAL, DEFENSES & REQUEST FOR DISCLOSURES TO PLAINTIFF

For their Answer to Plaintiff's Original Petition, Defendants FMP SA Management Group, LLC d/b/a Food Management Partners, LLC, All Jones, LLC, Allen J. Jones, and Peter Donbavand (collectively, "Defendants") respectfully show the following:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny each and every allegation contained in Plaintiff's Original Petition, and demand strict proof thereof as required by the Constitution, Statutes, Laws and Texas Rules of Civil Procedure.

### II.
### DEFENSES

1. **Fails to State a Claim** --Plaintiff fails to state a claim, in whole or in part, in her Petition upon which relief can be granted.

1

2.    **Conditions Precedent** – Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or her failure to satisfy required conditions precedent, including any applicable administrative prerequisites.

3.    **Express Contract** – Plaintiff's claims may be barred, in whole or in part, because the alleged promises at issue in her Petition were subject to a valid, express contract between the parties.

4.    **Statute of Frauds** – Plaintiff's claims may be barred, in whole or in part, by the statute of frauds.

5.    **Lack of Consideration** – Plaintiff's claims may be barred, in whole or in part, because the alleged contracts at issue in her Petition were not supported by mutual consideration.

6.    **Failure of Consideration** – Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to perform a condition precedent to Defendants' alleged duties to perform, if any.

7.    **Wrongfully Acquired Possession** – Plaintiff's claims for alleged conversion may be barred because Plaintiff wrongfully acquired the underlying items and/or property.

8.    **Superior Title** – Plaintiff's claims may be barred, in whole or in part, because Defendants had superior title or right to the underlying items and/or property.

9.    **Comparative Negligence/No Proximate Cause** – Plaintiff's damages and losses, if any, were the result of Plaintiff's own conduct and/or omissions, and were not proximately caused by Defendants' actions and/or omissions.

10.    **Equitable Defenses** – Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel, collateral estoppel, *res judicata*, *in pari delicto*, and unclean hands.

2

11. **Failure to Mitigate** – Plaintiff has failed to exercise reasonable care and diligence to mitigate her damages, if any.

12. **Offset** –Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings.

13. **Right to Amend or Supplement** –Defendants reserve the right to amend or supplement their Answer in accordance with the Texas Rules of Civil Procedure.

### III.
### REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendants request that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

### IV.
### PRAYER

Defendants request that, upon final hearing, the Court dismiss this lawsuit in its entirety and order Plaintiff to take nothing by reason of this action; order Plaintiff to pay Defendants the attorney's fees and costs they have incurred and will incur in defending this action; and grant Defendants all other relief to which it may be entitled.

**DATED** this 26th day of November, 2014.

3

Respectfully submitted,

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone: (210) 447-8033
Fax: (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANTS FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC, ALL JONES, LLC, ALLEN J. JONES, AND PETER DONBAVAND**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via certified mail, return receipt requested,* to:

Olga Brown
Law Office of Olga Brown
111 Soledad, Suite 1725
San Antonio, Texas 78205
(210) 226-1884 (facsimile)
argyle2@sbcglobal.net

on this 26th day of November, 2014.

Christine E. Reinhard

4

# EXHIBIT 3

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT |
| V. | §<br>§ | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP,<br>LLC, D/B/A FOOD MANAGEMENT<br>PARTNERS, LLC,<br>ALL JONES, LLC, ALLEN J JONES,<br>INDIVIDUALLY, AND<br>PETER DONBAVAND,<br>INDIVIDUALLY | §<br>§<br>§<br><br><br>§<br>§<br>§ | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Amended Original Petition against defendants, Fmp Sa Management Group, LLC, D/B/A Food Management Partners, LLC, All Jones, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.    Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.    Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.    Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6.    Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.    Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

9.    Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

2

# FACTS

10.     Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter. Plaintiff has not been properly compensated for her services.

11.     Defendant Jones in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy her a home so she would never have worries about a residence. Defendant Jones developed a scheme for the purchase of the house that included an authorization that Plaintiff's pay scale would be increased to cover the house payments. Defendant Jones intended to hide the gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses.

12.     Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate transactions to be initiated that would result in a purchase transaction with Plaintiff as the owner. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.     Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of

significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' promise of the gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.      Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donabavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction. Defendants have not withdrawn their petition for eviction, as further proof of the Defendant Jones' promise to Plaintiff.

15.      Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

### Count 1 Promissory Estoppel as a Claim

16.      Defendant Jones promised the Plaintiff that he would purchase a residence for her. He promised that he would buy the home owned by another partner. The financing of the purchase was designed so as to be disguised as follows: Plaintiff was to receive and did receive a raise to cover the monthly payments. Defendant

4

Jones also promised Plaintiff lifetime employment.

17. All the necessary real estate documents were ordered by Defendant Jones.

18. Plaintiff relied on Defendant Jones' promise because the nature and subject of the promise was reasonable in the context of the relationship between the Plaintiff and Defendant Jones. Plaintiff 's reliance on the promise was also reasonable and substantial, and she moved into the residence incurring moving and repair expenses.

19. Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court.

20. Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

21. On or about July 25, 2014 at the office of FMP SA Management Group, LLC, d/b/a Food Management Partners, LLC, hereinafter "FMP", 120 Chula Vista, San Antonio, Bexar County, Texas, Allen J Jones, President of FMP, and benefactor of Plaintiff, made a promise to purchase a home for Plaintiff, located at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff, Cearth Faire, negotiating a temporary lease pending the purchase of the home for her.

22. At the direction of Defendant Jones, Defendant Peter Donbavand, Vice

President of Real Estate & Business Development for Defendant FMP, commenced the process of purchasing the home at 8647 Timber Place, San Antonio, Texas 78250, for Plaintiff. Defendants' actions in furtherance of the promise, included but were not limited to contracting for an inspection and repairs for the home, prior to purchase.

23. At the direction of Defendant Jones, Defendant Donbavand negotiated a temporary lease agreement between, Tara Kemp, the owner of the home at 8647 Timber Place, and Plaintiff, pending closing of that purchase on or about September 15, 2014. Defendant Donbavand prepared the one-month lease pending the closing of the sale.

24. Relying on the promise to purchase, and subsequent actions on the part of Defendants, Plaintiff Faire gave notice to vacate her prior address.

25. On or about August 30, 2014, Plaintiff's employment with Defendant FMP was abruptly terminated, without notice or good cause connected with the work. Her employment was terminated after several years, and following a recent promotion and pay increase. Defendant Jones had promised Plaintiff lifetime employment based on her willingness to work around the clock if necessary.

26. Employees of Defendants All Jones, LLC, and FMP, under the direction and control of Defendants Jones and Donbavand, were instructed, and did demand and collect Plaintiff's personal iPhone, iPad, and computers. Defendants then had access to all her security and passwords, including her bank account, which they accessed.

6

27. On or about September 8, 2014, at the direction of Defendants Jones and Donbavand, FMP employee Jessica DeLaTorre personally delivered a Notice to Vacate Property, to Plaintiff at her home at 8647 Timber Place.

## COUNT I - Promissory Estoppel As A Claim

28. Defendant Jones made a promise to the Plaintiff that he would buy her a house. The said house was owned by Tara Kemp, the wife of his partner, Jason Kemp. Defendant Jones assured Plaintiff that the official real estate documents for conveyance were being prepared. Defendant wanted Plaintiff to own the house in consideration for her loyal employment during the past years. The nature of the promise was one that was reasonable considering the special relationship between the parties, and the multi-million dollar net worth of the Defendant Jones, that includes approximately one million dollars worth of automobiles.

29. Plaintiff Faire reasonably and substantially relied on the promise to her detriment. Her reliance was foreseeable by Defendant Jones and other Defendants acting in concert with Jones. Further, Defendants have actual knowledge of her reliance in that in furtherance of Jones' promise to purchase the house for her, Plaintiff made numerous improvements to the home Defendant Jones promised her. Plaintiff sustained economic damages as a result and great injustice can be avoided only by enforcing the Defendant's promise, which is reasonable in light of Defendant Jones' net worth.

30.     Defendant Jones knew or reasonably should have known, that Plaintiff would rely on Defendant's promise. Injustice to Plaintiff can be avoided solely if Defendant's promise is enforced. Plaintiff's reliance on Defendant Jones' promise (s) resulted in injury to Plaintiff which caused economic as well as non-economic damages. Plaintiff seeks damages within the jurisdictional limits of the court

31.     Further, Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this suit is for promissory estoppel.

## COUNT II – WRONGFUL TERMINATION

32.     Over two years ago Plaintiff and Defendants entered into a valid and enforceable written employment agreement. Throughout the term of employment, Defendant Jones incessantly praised Plaintiff for her efforts both as to the companies and to his personal requirements. Defendant Jones accordingly gave her pay raises and other benefits.

33.     Within two weeks of her latest pay raise, Defendant Jones breached the employment agreement by firing her without cause. Defendant Jones has failed to meet the terms of the agreement. His breach has caused injury to the Plaintiff which resulted in economic damages including but not limited to her monthly salary, benefits and a severance package. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

8

34.      Defendant Jones' accessing of her personal bank account and Facebook account and other private matters would be offensive to a reasonable person. Plaintiff has confirmed with her bank of Defendant Jones' intrusion via the internet. Plaintiff seeks exemplary damages for this outrageous, if not illegal conduct.

## COUNT III – CONVERSION

35.      Plaintiff owned several items of electronic personal property that included an Iphone and an Ipad load with personal information and private pass codes including to bank accounts. Defendants wrongfully acquired and exercised dominion and control over Plaintiff's personal property and invade her right to privacy. Defendants have refused to return Plaintiff's personal property and continue to harass Plaintiff by illegally accessing her email accounts.

36.      Plaintiff has made numerous attempts to get her personal property by means of written communications with Defendant Jones. He intentionally and willfully continues to exercise dominion and control over Plaintiff's personal property including electronic information. Defendants' wrongful acts have proximately and directly caused injury to the Plaintiff, which have resulted in economic and non-economic damages. Plaintiff seeks return of the converted property and the damages within the jurisdictional limits of the Court.

37.      Further, Plaintiff seeks exemplary damages against all Defendants as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a). Plaintiff

is also entitled to recover reasonable attorney fees under the Texas Property Code, because this claim is to recover her personal property.

## JURY DEMAND

38. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

40. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

10

f.     All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net

By: */s/ Olga Brown*
OLGA BROWN
State Bar No. 03155500
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I do hereby certify that on the _5th_ day of December 2014, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Amended Original Petitioner was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

*/s/ Olga Brown*
OLGA BROWN

# EXHIBIT 4

FILED
1/28/2015 4:07:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| **CEARTH FAIRE** | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| **FMP SA MANAGEMENT GROUP,** | § | |
| **LLC, D/B/A FOOD MANAGEMENT** | § | |
| **PARTNERS, LLC,** | § | |
| **ALL JONES, LLC, ALLEN J JONES,** | | |
| **INDIVIDUALLY, AND** | | |
| **PETER DONBAVAND,** | § | |
| **INDIVIDUALLY** | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S SECOND AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Second Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

## CLAIM FOR RELIEF

2.  Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.  Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.  Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.  Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6.  Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.  Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8.  The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

2

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated for her services.

11. Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.     Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15.     Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

4

16.     Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing, been given a raise in pay and additional duties. Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action, condoned the wrongful conduct of Defendant Jones.

17.     Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination. Defendant Jones and Defendant Donbavand have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment. Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20. On or about March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21. It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22. Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home. Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and his business partner Jason Kemp. All terms for the sale of the house were reached by buyer and seller.

23. Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp. The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing.

6

24. Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25. It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a. a false representation or concealment of material facts concerning the real estate transaction;

b. made representation with knowledge, actual or constructive, of those facts;

c. with the intention that it should be acted on;

d. to a party without knowledge or the means of knowledge of those facts

e. who detrimentally relied upon the misrepresentation

26. Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

## COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27. Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28. On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman. Defendant Jones then demanded physical conduct of a sexual nature. Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29. Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30. At the time of the harassment, Defendant Jones was the President and CEO of the Food Management Partners, a Texas LLC. At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff. There was no recourse available to the Plaintiff to complain.

31. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

8

32. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34. Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## COUNT 3 – Conspiracy

35. Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36. Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Second Amended Original Petition.

37. Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## JURY DEMAND

38. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

39. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

40. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

f. All other relief to which plaintiff is entitled.

10

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
San Antonio, Texas 78205
210/226-1550 telephone
210/226-1884 facsimile
Argyle2@sbcglobal.net


By: /s/ Olga Brown
     OLGA BROWN
     State Bar No. 03155500
     *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the _28th_ day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Second Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

# EXHIBIT 5

CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

PLAINTIFF'S THIRD AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Third Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, and Peter Donbavand, and alleges as follows:

DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because she may seek injunctive relief. Plaintiff has a pending Motion for a Level Three Docket Control Order, and the parties entered into a Rule 11 Agreement showing intent to enter into an Agreed Docket Control Order and setting this matter for Jury Trial November 2, 2015. See Exhibit A.

## CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3. Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4. Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5. Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and and has been served and is represented by counsel, and is properly before this court

6. Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7. Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

## JURISDICTION

8. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

2

## VENUE

9. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

## FACTS

10. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated for her services.

11. Defendant Jones, in recognition for her loyal and tireless services assumed the role of her benefactor. In his role as a benefactor Defendant Jones promised Plaintiff that he would buy a home and transfer ownership to Plaintiff, so she would never have worries about a residence. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit. Defendants have a real estate department as part of their businesses, and therefore, Plaintiff was further inclined to believe his promise to purchase and transfer ownership.

12. Although Defendant Jones intended to disguise the gift of the residence from his business partners, nevertheless he authorized for the necessary real estate

transactions to be initiated that would result in a purchase transaction and an immediate transfer of ownership. Plaintiff relied on Defendant Jones' promise and she moved into the residence at 8647 Timber Place, San Antonio, Texas 78250.

13.     Plaintiff incurred moving expenses as well as expenses in making repairs to the residence to make it habitable. The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift. Further, in reliance that the home would be given to her, Plaintiff agreed to sign a one-month lease.

14.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work. Defendant Jones has now conspired with the other defendants including Defendant Peter Donbavand to evict Plaintiff from the house she was promised. The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction.

15.     Defendants continue to harass the Plaintiff by wrongfully repossessing her car. Plaintiff had clear title to her 2005 Mini cooper. Jones promised her an ambiguous payment plan, and in retaliation for claiming her rightful title to her house, he has deprived Plaintiff of a necessity of transportation to seek employment. During the repossession process, he terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

4

16.     Plaintiff had an exemplary employment record with Defendants FMP and ALL JONES, LLC, and had immediately before the firing, been given a raise in pay and additional duties. Plaintiff was fired solely because Plaintiff refused to continue perform employment duties that were not in furtherance of the corporate business but to serve as a shield for Defendant Jones numerous illegal activities some including sexual harassment. Defendant Peter Donbavand, a business partner of Defendant Jones was aware of the employment violations occurring at the corporations and by non-action, condoned the wrongful conduct of Defendant Jones.

17.     Plaintiff seeks actual damages as a result of the wrongful termination, which include, but are not limited to back pay from the date of retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her wrongful termination.

18.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones forcing her to choose between the illegal activities he was demanding of her and her livelihood.

19.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the wrongful termination. Defendant Jones and Defendant Donbavand have inflicted additional injuries by circulating malicious rumors about the Plaintiff, harassing the Plaintiff and other activities which affect her future employment. Plaintiff therefore seeks exemplary damages.

## COUNT 1-PROMISSORY ESTOPPEL as a CLAIM

20. On or about March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

21. It was reasonable for Plaintiff to rely on Defendant Jones' promise to purchase a home and gift it to her based on Defendant Jones' financial resources, including his ownership of one million dollars worth of cars, and extensive property real estate holdings in the United States, and in the Dominican Republic.

22. Defendant Jones promised the Plaintiff that he would execute a written agreement at closing, giving her full title and interest to the home. Defendant Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and his business partner Jason Kemp. All terms for the sale of the house were reached by buyer and seller.

23. Defendant Jones negotiated all the terms of the real estate purchase. Defendant Jones had reached an agreement with his business partner, Jason Kemp to purchase the house located at 8647 Timber Place San Antonio, Texas 78250 from Kemp's wife, Tara Kemp. The real estate actions necessary for a closing were initiated. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing.

6

24.      Although there were no uncertainties regarding the purchase of the home by Defendant Jones for the Plaintiff, there was a delay in the closing. Plaintiff was asked to sign a one month lease pending the real estate closing. In signing the one-month lease, Defendant Jones promised he would sign the necessary documents to give Plaintiff full and complete ownership of the home in consideration for her loyal efforts in assisting Defendant Jones in the defense of his suit for divorce.

25.      It now appears that Defendant Jones, acting in concert with Defendant Donbavand, who appeared in Justice of Peace court attempting to practice law without a license, regarding this promise, made the following:

a.      a false representation or concealment of material facts concerning the real estate transaction;

b.      made representation with knowledge, actual or constructive, of those facts;

c.      with the intention that it should be acted on;

d.      to a party without knowledge or the means of knowledge of those facts

e.      who detrimentally relied upon the misrepresentation

26.      Plaintiff contends the promise to complete the transaction (closing of the real estate) conveying title to Plaintiff is binding against Defendant Jones in order to avoid injustice. Plaintiff further contends equitable estoppel alleged above is sufficient to preclude the statute of fraud defense to this promise of a home to Plaintiff.

### COUNT 2 QUID PRO QUO SEXUAL HARASSMENT

27.      Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant

Allen J. Jones, the President and CEO of Defendant FMP. Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

28. On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman. Defendant Jones then demanded physical conduct of a sexual nature. Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

29. Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

30. At the time of the harassment, Defendant Jones was the President and CEO of the Food Management Partners, a Texas LLC. At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and owner of 150 businesses. Defendant Jones instilled fear of his power on Plaintiff. There was no recourse available to the Plaintiff to complain.

31. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

8

32.       Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

33. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female for his own inappropriate sexual requests.

34.       Further, Plaintiff seeks exemplary damages against all Defendants, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

## COUNT 3 – Conspiracy

35.       Defendant Peter Donbavand and Jason Kemp, CFO of FMP assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff.

36.       Defendant Donbavand and Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff including the discriminatory practices perpetrated against Plaintiff more fully described in Petitioner's Third Amended Original Petition.

37.       Defendant Donbavand and Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in causing the discriminatory practices and in the breach of the promise Defendant Jones made to Plaintiff.

## COUNT 4 – Fraud

38.          Additionally, Plaintiff Faire pleads fraud on the part of Defendant Jones and aided and abetted by the other Defendants. Petitioner alleges that Defendants are barred from using the statute of frauds to avoid the promise of gifting real estate, namely the residence at 8647 Timber Place, San Antonio, TX 78250 to Plaintiff.

39.          Plaintiff claims the gift of real estate must be enforced in equity as the denial of the enforcement would amount to a virtual fraud. See *Exxon Corp. Breezevale, Ltd, 82 S.W.3d 429, 439 (Tex. App—Dallas 2002, pet. denied)*.

40.          Plaintiff alleges the facts of her claim removes the suit from the operation of the statute of frauds in that it meets the elements required as set forth;

(1) payment of consideration,

(2) possession by the promisee and

(3) the making by the promisee of valuable improvements;

41.          Plaintiff shows it is undisputed that she worked Defendant Jones with the knowledge of all Defendants for nearly five months in the Dominican Republic on a 24/7 basis as consideration, and she has refrained from a claim of wage and hour violations, in reliance of the promise; Plaintiff has properly taken possession of the home pursuant to a document prepared by the Defendants and Plaintiff has made valuable improvements on the faith of the Agreement/promise.

10

42.     Defendant Peter Donbavand has employed one Robert Ray, attorney at law to initiate eviction proceedings against Plaintiff on two occasions with the full knowledge of Defendant Jones' promise to Plaintiff. Therefore, Plaintiff's injuries resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## JURY DEMAND

43.  Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition.

## CONDITIONS PRECEDENT

44.  All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

45.  Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, plaintiff asks that defendant be cited to appear and answer and, on final trial, that plaintiff be awarded a judgment against defendant for the following:

a.    Exemplary damages

b.    Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c.    Prejudgment and postjudgment interest.

d.    Court costs.

e.    Reasonable and necessary Attorney's fees

f.    All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN
111 Soledad, Suite 1725
 San Antonio, Texas 78205
 210/226-1550 telephone
 210/226-1884 facsimile
 Argyle2@sbcglobal.net

By:  /s/ Olga Brown
     OLGA BROWN
     State Bar No. 03155500
     Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that on the _30th_ day of January 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Third Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD L.L.P
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

/s/ Olga Brown
OLGA BROWN

12

# Tab 4

## CAUSE NO. 2014-CI-16674

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | | |
| INDIVIDUALLY, AND | | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FOURTH AMENDED ORIGINAL PETITION

Plaintiff, Cearth Faire, files this Fourth Amended Original Petition against defendants, FMP Sa Management Group, LLC, D/B/A Food Management Partners, LLC, ALL JONES, LLC, Allen J Jones, Peter Donbavand and Jason Kemp, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. A Level Three Agreed Docket Control Order is in place, this matter is set for Jury Trial November 2, 2015.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $3,000,000.00.

## PARTIES

3.     Plaintiff, Cearth Faire, is an individual whose address is 8647 Timber Place, San Antonio, TX 78250.

4.  Defendant FMP SA MANAGEMENT GROUP, LLC, D/B/A FOOD MANAGEMENT PARTNERS, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court.

5.     Defendant ALL JONES, LLC is an active Texas Limited Liability Company conducting business in the State of Texas, and has been served and is represented by counsel, and is properly before this court

6.     Defendant Allen J Jones, is an individual who has been served and is represented by counsel, and is properly before this court.

7.     Defendant Peter Donbavand, is an individual has been served and is represented by counsel, and is properly before this court.

8.     Defendant Jason Kemp is an individual  whose business address is Food Management Partners, LLC 120 Chula Vista, San Antonio, TX 78232.  He may be served at this address, or wherever he may be found.

## JURISDICTION

9.     The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**VENUE**

10. Venue is proper in Bexar County as all or a substantial part of the events or omissions giving rise to the claim occurred in Bexar County.

**FACTS**

11. Plaintiff Faire was an employee of Defendants, as well as a personal assistant to Defendant Jones. Plaintiff, in addition to working for Defendants' businesses, also took care of Defendant Jones' personal matters, including living in the Dominican Republic for approximately five months on a 24/7 basis assisting in his defense in a family law matter pending in Bexar County, Texas. Plaintiff has not been properly compensated.

12. Defendant Jones, individually, in recognition for her loyal and tireless services personal to him, promised Plaintiff a home. Defendant Jones developed a scheme for his purchase of the house that included telling other corporate officers that Plaintiff's pay increase was for the house payments. Defendant Jones intended to hide his gift from the other Defendants named in this lawsuit, until he retaliated against Plaintiff by denying he had made a gift of real estate to Plaintiff.

13. Defendant Jones, in his individual capacity, negotiated with Defendant Jason Kemp, whose wife owned the residence at 8647 Timber Pl, San Antonio, TX 78250. Defendant Jones then instructed, Defendant Donbavand, in his individual capacity and outside the scope of corporate business to prepare the necessary documents so he, Jones could purchase the residence for the Plaintiff.

14.     Defendant Donbavand, while a business partner of Defendant Jones and also an agent of Defendant FMP, routinely served Defendant Jones as a personal aide and routinely took orders from Jones outside the course and scope of his duties with the corporate entities to meet the personal demands of Defendant Jones, notwithstanding if the corporate best interests were served.

15. Defendant Kemp, also a business partner of Defendant Jones, took orders and assumed duties outside the course and scope of the corporate entities upon demand from Defendant Jones the President & CEO of Defendant FMP. Defendant Jones treats the corporate entities as his "piggy bank" and Defendants Donbavand and Kemp, as his personal aides.

16.     Defendant Kemp routinely succumbs to the personal demands of Defendant Jones outside the best interests of the corporate business as in this case to sell him the residence at 8647 Timber Pl, San Antonio, TX 78250, so he could gift the property to the Plaintiff in consideration for her assisting in his personal legal matters.

17.     While Defendant Donbavand was completing the necessary documents, again outside the course and scope of corporate business, Defendant Jones requested that Plaintiff move into the house, orally gifting her the house, a present gift. Plaintiff in reliance of his oral promised moved into the house with the consent of Defendant Kemp and the request of Defendant Jones and made valuable and permanent improvements in reliance of Defendant Jones promise to her.

4

18.     Plaintiff incurred moving expenses as well as expenses in making permanent improvements to the residence to make it habitable.  The residence is still in need of significant repairs. An inspection was ordered by the defendants as further proof of Defendant Jones' purchase with intention to make a gift.

19.     Thereafter, Defendant Jones, fired Plaintiff, notwithstanding her recent promotion based on meritorious work.. Defendant Jones demanded the other defendants Defendant Peter Donbavand and Defendant Jason Kemp evict Plaintiff from the house he had given her.   The wrongful eviction proceedings were abated, as the justice of the peace court lacks jurisdiction to rule on the petition for eviction in that title to the property is at issue. The wrongful eviction proceedings are outside the course and scope of corporate business.

20.     Defendants continued to harass the Plaintiff by wrongfully repossessing her car.  Plaintiff had clear title to her 2005 Mini Cooper.  Jones promised to repair her car.  An ambiguous payment plan was put in place.  However, in retaliation for claiming her rightful title to her house, Jones has deprived Plaintiff of a necessity, of transportation to seek employment.  During the repossession process, Jones terrorized her by sending strangers to ring her doorbell, all while he owns a million dollars worth of automobiles, and spends a great deal of his time in the Dominican Republic.

21.     Plaintiff had an exemplary employment record before being hired by Defendants FMP and ALL JONES, LLC.  Immediately before being fired by Defendants, Faire had  been given a raise in pay and been entrusted with additional duties.  Plaintiff was fired solely because Plaintiff refused to continue to perform employment duties that were not in furtherance of the corporate business and because of Defendant Jones' demands for demeaning sexual acts and explicit threats to fire her if she didn't submit.

22.     Plaintiff seeks actual damages as a result of the sexual harassment and discrimination, which include, but are not limited to back pay from the date of quid pro quo retaliation until the date of trial. Plaintiff also seeks future pay in lost earnings and benefits including the repossession of her automobile lost as a result of her unlawful termination.

23.     Plaintiff also seeks damages for past and future mental anguish as a result of Defendant Jones explicitly forcing her to choose between the sexual abuse he was demanding of her and her livelihood.

24.     Defendant Jones acted with malice toward Plaintiff in that Jones exhibited conscious indifference to consequences Plaintiff might suffer separate and apart from the damages suffered as a result of the retaliation.  Defendant Jones, as President and CEO, has inflicted additional injuries by circulating malicious rumors about the Plaintiff at corporate headquarters.  Plaintiff therefore seeks exemplary damages.

## COUNT 1- ORAL GIFT OF REAL ESTATE

25.      On or about  March 27, 2013, when Plaintiff Faire was temporarily living in the Dominican Republic at the request of Defendant Jones, taking care of Jones' child Astin, working on a 24/7 hour basis, Defendant Jones promised to buy a home and gift it to Plaintiff upon their return to San Antonio, Bexar County, Texas.

26.      On or about July 20 2014, Plaintiff moved into the house at 8647 Timber Pl, San Antonio, Texas 78250, that Defendant Jones gifted her in his individual capacity but  with the knowledge and  consent of all Defendants.  Plaintiff is still living at her home, taking possession under the present gift.


27.       Plaintiff has made permanent and valuable improvement to the home based on the reliance of the gift made to her by Defendant Jones as an individual.


28.      It was reasonable for Plaintiff to rely on Defendant Jones' promise of an oral gift of real estate based on Defendant Jones' financial resources, including but not limited to ownership in franchises of Zio's Italian Kitchen, Buffalo Wild Wings, Don Pablo's Big Tex Bold Mex, Furr's, Little Ceasar's and Smashburger.


29.   Further, Defendant Jones boasts of having presently one million dollars worth of cars and extensive real estate holdings in the state.   In other judicial proceedings, Defendant Jones bragged about owning 150 businesses and having financial resources to "buy" a young lady from a brothel for $10,000.00 in the Dominican Republic where he also has extensive real estate holdings.

30. Defendant Jones informed the Plaintiff that he was buying the house from Defendant Kemp, and that at closing, he would give her full title and interest to the home. Defendants Jones further promised the closing would take place immediately upon the reaching of an agreement on the final price and other terms. A final purchase price was reached between Defendant Jones and Defendant Jason Kemp. All terms for the sale of the house were reached by buyer and seller, and having absolutely nothing to do with the business of the corporate entities, parties herein

31. Defendant Jones negotiated all the terms of the real estate purchase to make a present gift of real estate to Plaintiff. Defendant Jones, Defendant Kemp, and Defendant Donbavand knew the house located at 8647 Timber Pl, San Antonio, TX 78250 purchased from Kemp's wife, Tara Kemp, was a gift of real estate to the Plaintiff. Defendant Donbavand ordered an inspection of the home in furtherance of a prompt closing, all outside of the course and scope of corporate business..

32.     Defendant Jones made this gift to Plaintiff as an individual and not as President & CEO of the other corporate defendants. Defendant Jones purchased the home from Defendant Kemp as an individual and not as a transaction within the course and scope of corporate business.

33.     Defendant Jones ordered Defendant Donbavand to complete the necessary documentation and transactions outside the course and scope of

corporate business. Defendant Donbavand routinely acts as Defendant Jones' personal aide to carry out his orders regarding personal matters. Defendant Donbavand is experienced in real estate transactions and worked to completing the necessary documents. In the meantime, in a fit of retaliation, Defendant Jones changed his mind about the gift. Plaintiff has been living in the house for eight months.

34. Plaintiff asserts this oral gift of real estate must be enforced in equity as the facts herein establish a gift of real estate, notwithstanding the requirements of the statute of frauds.

## COUNT 2 – Conspiracy

35. Defendants Peter Donbavand and Jason Kemp, as individuals acting outside their corporate duties, assisted Defendant Jones in conduct which they knew amounted to a commission of a tort or wrongful acts against the Plaintiff, and specifically acting to rescind the oral gift of real estate to Plaintiff

36. Defendant Donbavand and Defendant Kemp acted with intent to assist Defendant Jones in his wrongful acts toward Plaintiff of attempting to rescind the present gift of real estate.

37. Defendant Donbavand and Defendant Kemp's assistance to Defendant Jones and their own related conduct was a substantial factor in the breach of the present gift Defendant Jones made to Plaintiff.

## COUNT 3 QUID PRO QUO SEXUAL HARASSMENT

38.     Plaintiff was an employee of Defendants FMP, ALL JONES and their subsidiaries, and her duties were to serve as a personal assistant to the Defendant Allen J. Jones, the President and CEO of Defendant FMP.   Plaintiff was a self-supporting divorced woman with no financial resources other than her wages. Plaintiff also had an exemplary work history prior to working for Defendants.

39.     Plaintiff raises this claim under Tex. Lab. Code Ann. §§ 21.001, .051 (West 1996), which prohibits discrimination on the basis of sex.

40.     On or about January 21, 2013 Defendant Jones made sexual advances toward Plaintiff, a very attractive woman.  Defendant Jones then demanded physical conduct of a sexual nature.  Defendant Jones's demands escalated and the mental abuse was so extreme that it prevented Plaintiff from defending herself.

41.     Defendant Jones made it cleared to the Plaintiff that continued employment as well as other job benefits were conditioned on her acceptance of the continued sexual demands of Defendant Jones.

42.     At the time of the harassment, Defendant Jones was the President and CEO  of the Food Management Partners, a Texas LLC.  At all times, Defendant Jones held himself out to Plaintiff and to the public, as a very powerful business man, and  owner of 150 businesses. Defendant Jones instilled fear of his financial power on Plaintiff.  There was no recourse available to the Plaintiff to complain.

43. Plaintiff was harmed by the physical sexual conduct perpetrated against her by Defendant Jones. Plaintiff's harm was directly and proximately cause by Defendant Jones sexual harassment. When Plaintiff was mentally well enough to, she refused to further submit to Defendant Jones' inappropriate requests she was fired on or about August 31, 2014.

44. Plaintiff seeks compensatory damages for lost wages, lost benefits and future employment opportunities based on her traumatic experience at the hand of Defendant Jones.

45. Plaintiff seeks exemplary damages based on Defendant Jones's history of sexual harassment of others and including the purchase of a female as if she was merely chattel.

46. Further, Plaintiff seeks exemplary damages against Defendant Donbavand and Defendant Kemp, as her injury resulted from Defendants' malice, which entitles Plaintiff to exemplary damages under Tex. Civ. P. & Remedies Code section 41.003(a).

**JURY DEMAND**

47. Plaintiff has demanded a jury trial and tendered the appropriate fee with her original petition. The jury trail has been set for November 2, 2015.

## CONDITIONS PRECEDENT

48. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## OBJECTION TO ASSOCIATE JUDGE

49. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

a. Exemplary damages

b. Economic and non-economic damages including, but not limited to back pay, front pay, severance pay, specific performance regarding the gift purchase of a home (or its monetary equivalent).

c. All the remedies afforded by Tex. Lab. Code Ann. 21.001

c. Prejudgment and postjudgment interest.

d. Court costs.

e. Reasonable and necessary Attorney's fees

f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF OLGA BROWN

111 Soledad, Suite 1725
  San Antonio, Texas 78205
  210/226-1550 telephone
  210/226-1884 facsimile
  Argyle2@sbcglobal.net


By:  */s/ Olga Brown*_____
     OLGA BROWN
     State Bar No. 03155500
     *Attorney for Plaintiff*


## CERTIFICATE OF SERVICE

I do hereby certify that on the _10th_ day of March 2015, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, a true and correct copy of the above and foregoing Plaintiff's Fourth Amended Original Petition was furnished to:

Christine E Reinhard
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257

     */s/ Olga Brown*_____
     OLGA BROWN

Tab 5

**CAUSE NO. 2014-CI-16674**

| | | |
|---|---|---|
| CEARTH FAIRE | § | IN THE DISTRICT |
| *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | 150TH JUDICIAL DISTRICT |
| FMP SA MANAGEMENT GROUP, | § | |
| LLC, D/B/A FOOD MANAGEMENT | § | |
| PARTNERS, LLC, | § | |
| ALL JONES, LLC, ALLEN J JONES, | § | |
| INDIVIDUALLY, AND | § | |
| PETER DONBAVAND, | § | |
| INDIVIDUALLY | § | |
| | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S MOTION FOR RECONSIDERATION/NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES PLAINTIFF, CEARTH FAIRE, who herein requests this Court to reconsider this Court's granting of Defendants' Rule 91a Motion to Dismiss her claims of oral gift of real estate and conspiracy. In support of such request Petitioner would show this Court as follows:

## I. Factual Background of Earlier Motion

At the March 18, 2015 hearing, Movants based their arguments on complaints of the pleadings more in the light of a no-evidence summary motion or request for special exception relief. This is not the basis for determining whether Petitioner's causes of action have merit at this particular stage of litigation.

Petitioner clearly pled each element for her cause of action for oral gift of real estate and conspiracy to defraud by succinctly and factually addressing each element of her claims.  Whether or not those facts support her allegations is a matter for another motion in the future.  At this stage, the reasonable inferences reasonably drawn from them is sufficient to for this court to deny the Rule 91a Motion.  But, more importantly, Movants failed to properly plead their own Motion.

## II. Contents of Motion Fails to Identify  Cause of Action Challenged by Movant

The Movants failed to meet the requirements of the Dismissal Rule.  On February 3, 2015, Defendants filed an Amended Motion for Partial Dismissal of Plaintiff's claim of promissory estoppel.  But prior to the hearing, Plaintiff had timely filed her Fourth Amended Original Petition, eliminating the cause of action for promissory estoppel, and included a claim for Oral Promise of Real Estate, separate and distinct from promissory estoppel as a cause of action.

Movant's motion did not include a challenge to the new cause of action.  TRCP 91a:  Dismissal of Baseless Causes of Action clearly makes strict requirements of the Movant.  This requirement is not one of an onerous nature.

Movants were simply  required to meet the requirements of *TRCP 91a.*2 which mandates that movant identify each cause of action to which the motion is addressed.  Further, movant must state specifically, the reasons the cause of action has no basis in law and no basis in fact or both.

Movants failed to do both.  Instead and mistakenly, Movants argued the cause of action of promissory estoppel, which was no longer a part of the Fourth Amended Original Petition, the live pleadings.

### III. Movants Merely Argued Evidence, Contrary to Rule

Movants were further mistaken at the time of the hearing by arguing evidence regarding Plaintiff's  claims.  It is undisputed that Rule 91a.7 mandates that the court may not consider evidence in ruling on the Motion.  The court must decide the motion based solely on the pleading of the cause of action.  The pleading of the oral gift of real estate was unchallenged in the amended dismissal  motion, therefore the claim  must stand and proceed to a trier of fact.

Movants further failed to plead and prove an award of attorney fees.  It is also a requirement of the Rule. This court has properly stricken the award from Movant's order.  Likewise, this court should also deny their motion to eliminate Petitioner's claim for oral gift of real estate.

### IV. Movants Failed to Address Individual Conspirators Acts

Movants again failed to address the cause of action of conspiracy that was properly plead by Petitioner.  In their Amended Motion for Dismissal of Conspiracy, they address the issue of conspiracy as being barred by Intra-Corporate Immunity Doctrine.  After Petitioner amends her pleadings and alleges

that each defendant was acting outside the scope of the corporate responsibility, Movant failed again to address the issue in his Amended Motion 91a which requires specificity in the challenges to the cause of action. Movants failed to specifically state the reason(s) there is no basis in law or no basis in fact or both.

Movants were required by to include in the contents of their motion a challenge to the individual acts of each defendant. A conclusory statement of an alleged affirmative defense is not sufficient to meet the requirements of Rule 91a.2.

Petitioner is prepared to challenge Movants' slide show of misstatements of law and of facts and presented to this court. Movants' email traffic supports Petitioner's claims of the individual acts of conspiracy in relation to the Defendant Jones' oral promise of real estate to Petitioner.

## CONCLUSION

Movants' counsel's own words at time of hearing should persuade this court to reconsider the granting of their Motion to Dismiss. Mr. Justin Barbour's own words were as follows:

"……*just as we're bound by plaintiff's live pleadings, in determining whether or not the Rule 91a motion should be granted, I believe the plaintiff should be as well….*"

The Plaintiff's live pleadings include the cause of action of oral gift of real estate. The contents of Movants' Amended Rule 91a motion do not challenge that specific cause of action. Further, the Movants' live pleadings also do not specifically challenge the conspiracy action.

The Movants had the burden to properly plead their Rule 91a motion by simply identifying in their motion each cause of action they challenge and state specifically the reasons the cause of action has no basis in law or in fact or both. Movants failed to meet this burden.

Movants are in agreement, parties are bound by their pleadings. Movants' pleadings do not support a granting of the motion. Defendants' self-serving interpretation of Plaintiff's pleadings do not meet the strict requirement of the Rule. This court therefore should reconsider its ruling in this matter and deny Defendants' Motion to Dismiss.

Plaintiff seeks attorneys fees and costs accordingly, and respectfully requests the Court grant her attorney fees and costs in defending this matter.

**PRAYER**

WHEREFORE ALL PREMISES CONSIDERED , Plaintiff Faire prays that after notice and hearing, this court reconsider its original judgment, deny Defendants' Motion to Dismiss, and, in the alternative, grant an Order for New Trial. Plaintiff prays for attorneys' fees and costs. Plaintiff prays for all other and further relief to which she is entitled.

Respectfully submitted:

By:   _/s/ Olga Brown_____
　　　**LAW OFFICES OF OLGA BROWN**
OLGA BROWN
State Bar No. 03155500
111 Soledad, Suite 1725
San Antonio, Texas 78205
Telephone:  210/226-1550
Telecopier:  210/226-1884
Argyle2@sbcglobal.net
Attorney for Plaintiff

## NOTICE OF HEARING

IT IS HEREBY ORDERED that the above styled and numbered cause is set for hearing before Judge Antonia Arteaga on <u>the 28th</u> day of April 2015 at 11:30 a.m., 57th Judicial District Court, Bexar County Courthouse, San Antonio, Texas.

SIGNED this _____ day of April, 2015.

_____
HON. ANTONIA ARTEAGA

## *CERTIFICATE OF SERVICE*

I certify that a true and correct copy of the above and foregoing Motion for Reconsideration was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on this 21st day of April 2015.
:

　　　　　　　　　　　　*/s/ Olga Brown_____*
　　　　　　　　　　　　OLGA BROWN

---

*PLAINTIFF's Motion for Reconsideration. /New Trial*

# Tab 6

# TABLE OF CONTENTS

I      Legislative History of Rule 91a ........... 1

    A    Statutory Foundation for Rule 91a ........... 1

        1.    The Legislature's Sketch of Rule 91a ........... 1

        2.    Mandatory Award of Attorney's Fees to Prevailing Party ........... 1

    B.    Adoption of Rule 91a ........... 2

II    Nuts and Bolts of a Rule 91a Motion to Dismiss ........... 3

    A.    Scope of Rule 91a's Application ........... 3

    B.    Rule 91a's Basis for Dismissal ........... 4

        1    No Basis in Law ........... 4

            a    A claim may be dismissed when the cause of action alleged is not recognized by Texas law ........... 4

            b    A claim may be dismissed based on the facts alleged in the pleading ........... 4

            c.    A claim may be dismissed based on exhibits attached to any pleadings pursuant to Rule 59 ........... 5

        2.    No Basis in Fact ........... 5

    C.    Rule 91a Deadlines ........... 5

        1.    Filing the Motion ........... 5

        2.    Setting a Hearing ........... 5

        3.    Responding to the Motion ........... 6

        4.    Obtaining a Ruling on the Motion ........... 6

    D.    Contents of a Rule 91a Motion ........... 6

    E.    Mandatory Award of Attorney Fees ........... 6

III    Will Rule 91a Prove to be a Useful Tool? ........... 6

# TABLE OF AUTHORITIES

**Cases**

*Birdo v. Williams*, 859 S.W.2d 571 (Tex. App.—Houston [1st Dist.] 1993, no writ) ...................................................5

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) ...............................................................................................................4

*Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1991, no writ) .........3

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) ................................................................................................4

*Delgado v. Methodist Hosp.*, 936 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1996, no writ) ...............................5

*Fort Bend County v. Wilson*, 825 S.W.2d 251 (Tex. App.—Houston [14th Dist.] 1992, no writ) .................................3

*GTE Comm'n Sys. v. Tanner*, 856 S.W.2d 725 (Tex. 1993).........................................................................................4

*Hamilton v. Pechacek*, 319 S.W.3d 801 (Tex. App.—Fort Worth 2010, no pet.) ........................................................4

*Moseley v. Hernandez*, 797 S.W.2d 240 (Tex. App.—Corpus Christi 1990, no writ) ..................................................3

*Nath v. Texas Children's Hosp.*, 375 S.W.3d 403 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) .......................5

*Scott v. Gallagher*, 209 S.W.3d 262 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ..............................................4, 5

*Tex. & New Orleans R.R. Co. v. Compton*, 136 S.W.2d 1113 (1940) ..........................................................................5

*Winters v. Parker*, 178 S.W.3d 103 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ..................................................7

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 14.002........................................................................................................................3

TEX. CIV. PRAC. & REM. CODE § 14.003.....................................................................................................................3, 4

TEX. GOV'T CODE § 22.004(g) .....................................................................................................................................3, 5

**Rules**

FED. R. CIV. P. 12(b)(6) ...............................................................................................................................................3

TEX. R. CIV. P. 13........................................................................................................................................................4

TEX. R. CIV. P. 47(a) ...................................................................................................................................................5

TEX. R. CIV. P. 91a ...............................................................................................................................................passim

**Session Laws**

Act of May 25, 2011, 82nd Leg., R.S., ch. 203 (HB 274)..........................................................................................1, 6

**Articles**

Angela Morris, *Texas Lawyer Blog* (Nov. 16, 2012), http://texaslawyer.typepad.com/texas_lawyer_blog
/2012/11/high-court-approves-rules-for-dismissal-expedited-proceedings.html ............................................................6

Justices Jane Bland, Bill Boyce, and Greg Perkes, *What's Appealing About the New Dismissal and Expedited
Trial Rules?*, presented at the 23rd Annual Conference on State and Federal Appeals, June 13–14, 2013 .................3

*Tort Reform: Closing the Lottery*, THE ECONOMIST, Dec. 10, 2011; *see also* Press Release from the Office of
Gov. Rick Perry, *Lawsuit Reforms Cut Down on Frivolous Claims, Expedite Justice for the Deserving* (July
27, 2011), http://governor.state.tx.us/news/press-release/16430/ .................................................................................1

# RULE 91A MOTIONS TO DISMISS

## I. LEGISLATIVE HISTORY OF RULE 91A

Earlier this year, the Texas Supreme Court approved Texas Rule of Civil Procedure 91a, which allows defendants to seek dismissal of any cause of action that has no basis in law or fact

Rule 91a introduces Texas lawyers to a new motion to dismiss that is one of the many production of House Bill 274, which became effective on September 1, 2011.[1] House Bill 274 gained national attention as a "loser pays" tort reform law intended to streamline litigation and discourage frivolous lawsuits.[2] To accomplish these goals, the Legislature enacted a statute requesting that the Texas Supreme Court to draft and adopt rules creating a new motion to dismiss with a mandatory award of attorney's fees to the prevailing party.

Rule 91a's motion to dismiss provides an opportunity for a defendant to obtain an expeditious dismissal of meritless causes of actions. Although Rule 91a provides litigators with a potentially useful tool, the rule's mandatory award of attorney's fees to the prevailing party will deter many from using its procedures rather than other, less expeditious, methods for obtaining a pre-trial dismissal of meritless claims

### A. Statutory Foundation for Rule 91a

House Bill 274 adds two statutes—section 22.004(g) in the Texas Government Code and section 30.021 in the Texas Civil Practice and Remedies Code—that lay the foundation for Rule 91a and its mandatory award of attorney's fees

### 1. The Legislature's Sketch of Rule 91a

The first statute added by House Bill 274 gives the Texas Supreme Court the task of adopting rules creating a motion to dismiss claims that have no basis in law or fact:

SECTION 1.01 Amends Section 22.004, Government Code, by adding Subsection (g), as follows:

> (g) The supreme court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss. The rules shall not apply to actions under the Family Code.

### 2. Mandatory Award of Attorney's Fees to Prevailing Party

The second statute added by House Bill 274 provides for a mandatory award of attorney's fees to the prevailing party

SECTION 1.02. Amends Chapter 30, Civil Practice and Remedies Code, by adding Section 30.021, as follows:

> Sec. 30.021. AWARD OF ATTORNEY'S FEES IN RELATION TO CERTAIN MOTIONS TO DISMISS. Requires the court, in a civil proceeding, on a trial court's granting or denial, in whole or in part, of a motion to dismiss filed under the rules adopted by the supreme court under Section 22.004(g), Government Code, to award costs and reasonable and necessary attorney's fees to the prevailing party. Provides that this section does not apply to actions by or against the state, other governmental entities, or public officials acting in their official capacity or under color of law.

In response to these statutory directives, the Texas Supreme Court adopted Rule 91a.

---

[1] *See* Act of May 25, 2011, 82nd Leg., R.S., ch 203 (HB 274)

[2] *See Tort Reform Closing the Lottery*, THE ECONOMIST, Dec. 10, 2011; *see also* Press Release from the Office of Gov. Rick Perry, *Lawsuit Reforms Cut Down on Frivolous Claims, Expedite Justice for the Deserving* (July 27, 2011), http://governor.state.tx.us/news/press-release/16430/

## B. Adoption of Rule 91a

The Texas Supreme Court adopted Rule 91a on February 12, 2013.[3] Rule 91a provides the following rules:

### 91a. Dismissal of Baseless Causes of Action

**91a.1 Motion and Grounds.** Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

**91a.2 Contents of Motion.** A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.

**91a.3 Time for Motion and Ruling.** A motion to dismiss must be:

(a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

(b) filed at least 21 days before the motion is heard; and

(c) granted or denied within 45 days after the motion is filed.

**91a.4 Time for Response.** Any response to the motion must be filed no later than 7 days before the date of the hearing.

**91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.**

(a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

(b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

(c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).

(d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

**91a.6 Hearing; No Evidence Considered.** Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

**91a.7 Award of Costs and Attorney Fees Required.** Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action

---

[3] *See* TEX. R. CIV. P. 91a, comment to 2013 change.

in the trial court. The court must consider evidence regarding costs and fees in determining the award.

**91a.8   Effect on Venue and Personal Jurisdiction.** This rule is not an exception to the pleading requirement of Rules 86 and 120a, but a party does not, by filing a motion to dismiss pursuant to this rule or obtaining a ruling on it, waive a special appearance or a motion to transfer venue. By filing a motion to dismiss, a party submits to the court's jurisdiction only in proceedings on the motion and is bound by the court's ruling, including an award of attorney fees and costs against the party.

**91a.9   Dismissal Procedure Cumulative.** This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal.

Comment to 2013 change: Rule 91a is a new rule implementing section 22.004(g) of the Texas Government Code, which was added in 2011 and calls for rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. A motion to dismiss filed under this rule must be ruled on by the court within 45 days unless the motion, pleading, or cause of action is withdrawn, amended, or nonsuited as specified in 91a.5. If an amended motion is filed in response to an amended cause of action in accordance with 91a.5(b), the court must rule on the motion within 45 days of the filing of the amended motion and the respondent must be given an opportunity to respond to the amended motion. The term "hearing" in the rule includes both submission and an oral hearing. Attorney fees awarded under 91a.7 are limited to those associated with the challenged cause of action, including fees for preparing or responding to the motion to dismiss.

## II.   NUTS AND BOLTS OF A RULE 91A MOTION TO DISMISS

Rule 91a provides guidelines for a new motion to dismiss, which has been widely compared, and not entirely accurately, to the motion to dismiss allowed by Rule 12(b)(6) of the Federal Rules of Civil Procedure because it allows a defendant to move for dismissal without filing a special exception and then a summary judgment.[4] Unlike Rule 12(b)(6), which merely allows a party to file a motion asserting that the opposing party's pleading does not state a claim upon which relief can be granted,[5] Rule 91a contains a number of rules specifically governing its motions to dismiss.

### A.   Scope of Rule 91a's Application

Rule 91a generally applies to all civil proceedings with two exceptions. First, as required by the Legislature, Rule 91a does not apply to cases brought under the Family Code.[6] Second, Rule 91a does not apply to inmates' *in forma pauperis* lawsuits, which are governed by Chapter 14 of the Texas Civil Practice and Remedies Code.[7] (Chapter 14 contains its own distinct dismissal mechanism.[8])

---

[4]   *See, e.g.*, Justices Jane Bland, Bill Boyce, and Greg Perkes, *What's Appealing About the New Dismissal and Expedited Trial Rules?*, presented at the 23rd Annual Conference on State and Federal Appeals, June 13–14, 2013, at 1, 7–10 (citing *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ); *Centennial Ins. v. Commercial Union Ins.*, 803 S.W.2d 479, 482 (Tex. App.—Houston [14th Dist.] 1991, no writ); and *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ).

[5]   FED. R. CIV. P. 12(b)(6).

[6]   TEX. R. CIV. P. 91a.1; TEX. GOV'T CODE § 22.004(g) ("The rules shall not apply to actions under the Family Code.").

[7]   TEX. R. CIV. P. 91a.1; *see* TEX. CIV. PRAC. & REM. CODE § 14.002.

[8]   TEX. CIV. PRAC. & REM. CODE § 14.003. Section 14.003 allows for dismissal of an inmate's claim if a court finds that the allegation of poverty in the affidavit or unsworn declarations is false, the *claim is frivolous or malicious*, or the inmate filed the required affidavit or unsworn declaration knowing that it was false. *Id.* § 14.003(a). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim's realistic chance of ultimate success is slight, the claim *has no arguable basis in law or in fact*, it is clear that the party cannot prove facts in support of the claim, or the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

## B. Rule 91a's Basis for Dismissal

Rule 91a allows dismissal of any cause of action that "has no basis in law or fact."[9] This same phrase is also used in Rule 13[10] and a substantially similar phrase is used in Chapter 14.[11] Texas appellate courts have analyzed the meaning of this phrase in reviewing sanctions imposed under Rule 13 and dismissals under Chapter 14. The existing jurisprudence regarding these rules and statutes may provide some guidance in understanding Rule 91a; however, certain distinct differences among the schemes undermine the similarities and make direct comparisons difficult.

### 1. No Basis in Law

Under Rule 91a, a claim has no basis in law if "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."[12] Rule 91a's analysis of the legal basis for the relief a plaintiff seeks presents a relatively straightforward question: Do the allegations in the pleading state a cause of action that would authorize relief?[13]

Unlike Rule 13, Rule 91a does not require a trial court to engage in any factual determination regarding the motives involved in filing the pleaded allegations.[14] To the contrary, Rule 91a expressly

prevents a court from considering evidence.[15] This lack of evidentiary and factual issues focuses a court's inquiry under Rule 91a.

Courts are likely to dismiss causes of action under Rule 91a in three circumstances: (1) when the cause of action is not recognized by Texas law; (2) when the pleading alleges facts that negate a cause of action; and (3) when pleading exhibits, attached pursuant to Rule 59, demonstrate that claimant is not entitled to the relief sought as a matter law.

### a. A claim may be dismissed when the cause of action alleged is not recognized by Texas law.

Courts need not delve into any evidence to determine whether a cause of action is recognized by Texas law. When a claimant alleges a cause of action that is not recognized by Texas law (e.g., a claim for negligent infliction of emotional distress),[16] the cause of action could be dismissed under Rule 91a.

Interestingly, unlike Rule 13, Rule 91a does not recognize that a claim might have a basis in law if "warranted by good faith argument for the extension, modification, or reversal of existing law."[17] The absence of this language may indicate that Rule 91a provides a more stringent test for a claimant's legal contentions than Rule 13.

### b. A claim may be dismissed based on the facts alleged in the pleading

Dismissal under this portion of Rule 91a may be appropriate when the pleading, on its face, reveals that a claimant is not entitled to the relief sought because the alleged facts are legally insufficient to provide the claimant with a valid cause of action. Such allegations, even taken as true, would not entitle a claimant to any relief.[18]

For example, dismissal under Rule 91a may be appropriate if a plaintiff alleges that by not erecting a railroad crossing sign a railroad company negligently caused an automobile to drive into the sixtieth car of a slow-moving train because if the automobile's driver could not see the train, he could not have seen

---

[9] TEX. R. CIV. P. 91a.1

[10] Rule 13 permits sanctions against an attorneys and parties who file a "groundless" pleading in bad faith or for the purpose of harassment. TEX. R. CIV. P. 13. Rule 13 defines "groundless" as "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." *Id.*

[11] TEX. CIV. PRAC. & REM. CODE § 14.003(a) (stating that in determining whether to dismiss a claim, a court may consider whether "the claim has no *arguable* basis in law or in fact" (emphasis added))

[12] *Id.*

[13] *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (explaining that a claim has no arguable basis in law under Chapter 14 if the claim presents an "indisputably meritless legal theory")

[14] *See GTE Comm'n Sys. v. Tanner*, 856 S.W.2d 725, 731 (Tex. 1993) (explaining that Rule 13 does not allow sanctions unless the pleading is groundless and is also brought in bad faith or for the purpose of harassment).

---

[15] TEX. R. CIV. P. 91a.6.

[16] *See Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).

[17] *Compare* TEX. R. CIV. P. 91a.1 *with* TEX. R. CIV. P. 13

[18] *See City of Keller v. Wilson*, 168 S.W.3d 802, 811–17 (Tex. 2005).

a crossing sign either.[19]  These facts, even taken as true, would not entitle a claimant to any relief.[20]

Rule 91a dismissal is unlikely to be applicable in most cases based on facts alleged in a pleading because in most circumstances, claimants are able to allege facts that satisfy Texas's notice pleading requirements[21] while avoiding the specificity that could result in dismissal of their claims.

*c.    A claim may be dismissed based on exhibits attached to any pleadings pursuant to Rule 59.*

Rule 91a allows courts to consider exhibits attached to a pleading pursuant to Rule 59.[22]  Thus, if the parties simply disagree over the proper interpretation of a document attached to a pleading pursuant to Rule 59, a Rule 91a motion to dismiss may provide a procedural vehicle well-suited to resolving such a dispute.  For example, in an insurance coverage dispute in which the facts are not disputed and the insurance policy is attached to the pleadings, Rule 91a may provide a procedural vehicle for obtaining an expeditious ruling on coverage.

2    No Basis in Fact

Rule 91a states that a claim has no basis in fact if "no reasonable person could believe the facts pleaded."[23]  This definition seems difficult to apply in the absence of any evidence to place the pleaded facts in context.

Neither Rule 13 nor Chapter 14 provide any help with this problematic definition because both allow for evidentiary hearings.[24]  (In fact, when a

court dismisses a claim under Chapter 14 without an evidentiary hearing, appellate courts presume that the claim *must* have been dismissed for having no arguable basis in law rather than in fact.[25])  Rule 91a, on the other hand, expressly forbids any evidentiary hearing.[26]

Absent an evidentiary hearing, one might ask how a court could possibly evaluate whether a pleading advances facts that no reasonable person could believe.[27]  And if a trial court does dismiss a claim as having no basis in fact, what does that indicate about the attorney who filed the petition?

C.    Rule 91a Deadlines

Rule 91a guarantees a ruling on a motion to dismiss no later than 45 days *from the date the motion is filed.*[28]  This deadline, along with others in Rule 91a, promises a speedy resolution of the motion to dismiss.

1.    Filing the Motion

A party must decide whether to file a Rule 91a motion to dismiss soon after the petition is served.  The motion must be filed within 60 days after service of the first pleading containing the challenged cause of action.[29]  Rule 91a does not provide an exception to the due order of pleading requirements for motions to transfer venue and special appearances.  But a party can file and obtain a ruling on a Rule 91a motion to dismiss without waiving a special appearance or motion to transfer venue.[30]

2.    Setting a Hearing

The motion to dismiss must be filed at least 21 days before the motion is heard and may be withdrawn until 3 days before the hearing.[31]  When

---

[19]  *Id.* at 816 (citing *Tex. & New Orleans R.R. Co. v. Compton*, 136 S.W. 2d 1113, 1115 (1940))

[20]  *Id.*

[21]  *See* TEX. R. CIV. P. 47(a) (stating that a pleading should include "a short statement of the cause of action sufficient to give fair notice of the claim involved").

[22]  TEX. R. CIV. P. 91a.6.

[23]  *Id.*

[24]  *See Nath v. Texas Children's Hosp.*, 375 S.W.3d 403, 427 (Tex. App.—Houston [14th Dist.] 2012, pet. filed) (explaining that a trial court may examine the facts and circumstances at the time of filing the petition in order to determine whether a claim is without evidentiary support, i.e., has no basis in fact or law); *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 487–88 (Tex. App.—Houston [14th Dist.] 1996, no writ) (finding a claim to be groundless under Chapter 14 when the plaintiff *presented no evidence* of "extreme and outrageous" conduct).

[25]  *See, e.g., Scott*, 209 S.W.3d at 266.

[26]  TEX. R. CIV. P. 91a.6 (implementing TEX. GOV'T CODE § 22.004(g), which requires implementation of rules for dismissal of causes of action that have no basis in law or fact on motion and *without evidence*)

[27]  *Birdo v. Williams*, 859 S.W.2d 571, 572 (Tex. App.—Houston [1st Dist.] 1993, no writ) ("When the trial court, as in the present case, dismisses a cause [pursuant to Chapter 14] without a fact hearing, the trial court *could not have determined the suit had no arguable basis in fact*" (emphasis added))

[28]  TEX. R. CIV. P. 91a.3(c)

[29]  TEX. R. CIV. P. 91a.3(a)

[30]  TEX. R. CIV. P. 91a.8.

[31]  TEX. R. CIV. P. 91a.3(b), 91a.5(a)

setting a Rule 91a hearing, a party should be aware that the trial court's deadline to rule on the motion is calculated from the date the motion is filed, not from the date of the hearing.[32] The court is not required to conduct an oral hearing on the motion.[33]

### 3. Responding to the Motion

A respondent must file its response to the motion no later than 7 days before the motion is heard.[34] Up until 3 days before the motion is heard, a claimant may either nonsuit or amend the challenged cause of action.[35]

If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may withdraw the motion or file an amended motion at any time before the hearing.[36] Filing an amended motion in response to an amended cause of action, restarts Rule 91a's time periods.[37]

### 4. Obtaining a Ruling on the Motion

Unless the movant timely withdraws the motion or the respondent timely nonsuits the challenged cause of action, a trial court must rule on the motion absent an agreement of the parties to the contrary.[38]

Notwithstanding any agreement of the parties, the trial court must grant or deny the motion no later than 45 days after the date the motion is filed.[39] Rule 91a does not specify what happens if a trial court rules on a motion to dismiss after this 45-day deadline.

### D. Contents of a Rule 91a Motion

A Rule 91a motion to dismiss must: (1) state that it is made pursuant to the rule, (2) identify each cause of action to which it is addressed, and (3) state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.[40] These requirements do not seem particularly onerous for the movant; however, the rule does limit the trial court's

determination to the contents of the motion to dismiss.

### E. Mandatory Award of Attorney Fees

Rule 91a includes a mandatory award of "costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court" to the prevailing party.[41] This provision implements section 30.021 of the Civil Practice & Remedies Code, which was enacted by House Bill 274.[42]

In the original version of House Bill 274, section 30.021 would have "authorized" a trial court to award costs and attorney's fees. However, during the legislative process, the Legislature changed this discretionary award of costs and attorney's fees to a mandatory award.

In speaking about Rule 91a, one Texas Supreme Court justice has recognized that the mandatory award of attorneys' fees may affect the frequency with which 91a motions are filed:

> Whether the motion is granted or denied, the winning party gets attorney fees. So, if you file a motion and lose, the other side gets attorney fees. So, parties are going to have to think seriously about when to use it.[43]

### III. WILL RULE 91A PROVE TO BE A USEFUL TOOL?

Prior to the adoption of Rule 91a, Texas had no procedure for expeditiously obtaining dismissal of a meritless cause of action. Parties could obtain the same result by other means. For example, parties could file special exceptions, which could result in dismissal of the claims if the respondent failed to amend its pleadings after the trial court sustained the special exceptions.[44] If special exceptions did not

---

[32] *See* TEX. R. CIV. P. 91a.3(c)

[33] TEX. R. CIV. P. 91a.6

[34] TEX. R. CIV. P. 91a.4

[35] TEX. R. CIV. P. 91a.5

[36] TEX. R. CIV. P. 91a.5(b)

[37] TEX. R. CIV. P. 91a.5(d)

[38] TEX. R. CIV. P. 91a.5(c)

[39] TEX. R. CIV. P. 91a.3(c)

[40] TEX. R. CIV. P. 91a.2

---

[41] TEX. R. CIV. P. 91a.6. This mandatory award does not apply to causes of action by or against a government entity or a public official acting in his or her official capacity or under color of law. *Id*

[42] *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 203, § 1.02 (HB 274).

[43] Angela Morris, *Texas Lawyer Blog* (Nov. 16, 2012), http://texaslawyer.typepad.com/texas_lawyer_blog/2012/11/high-court-approves-rules-for-dismissal-expedited-proceedings.html.

[44] *See, e.g, Winters v. Parker*, 178 S.W.3d 103, 105–06 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

result in dismissal, parties could also pursue summary judgment.

Rule 91a's promise of an expeditious ruling on a motion to dismiss makes it a potentially useful tool in defending against a claim, but its mandatory award of attorney's fees will make any lawyer pause before using it. The costs and attorney fees involved in filing or responding to a motion to dismiss should typically be relatively inexpensive compared to the ultimate cost of trying a case or even obtaining summary judgment.

Nevertheless, the mandatory award of attorney fees will certainly cause both movants and respondents to approach Rule 91a with some degree of caution. It will no doubt deter many potential movants from filing such a motion. However, it will also place pressure on respondents to take a serious look at the causes of action alleged.

As lawyers become familiar with this rule, it will be interesting to see how often Rule 91a motions are filed and, once filed, how often the motion survives to the hearing without the movant withdrawing the motion or the respondent non-suiting or amending the challenged causes of action.

Tab 7

**REPORTER'S RECORD**

VOLUME 1 OF 1 VOLUME(S)

TRIAL COURT CAUSE NO. 2014-CI-16674

| | |
|---|---|
| CEARTH FAIRE | ) IN THE DISTRICT COURT |
| | ) |
| vs. | ) BEXAR COUNTY, TEXAS |
| | ) |
| FMP SA MANAGEMENT GROUP, | ) |
| LLC, D/B/A FOOD MANAGEMENT | ) |
| PARTNERS, LLC, ALL JONES, | ) |
| ALLEN J. JONES, | ) |
| INDIVIDUALLY AND PETER | ) |
| DONBAVAND, INDIVIDUALLY | ) 150TH JUDICIAL DISTRICT |

-----------------------------------------------------------

**MOTION TO ENTER DEFENDANTS' FIRST AMENDED
RULE 91a PARTIAL MOTION TO DISMISS**

-----------------------------------------------------------

On the 9th day of April, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the **HONORABLE ANTONIA ARTEAGA**, Judge Presiding, held in San Antonio, Bexar County, Texas.

Proceedings reported by computerized stenotype machine.

COPY

A P P E A R A N C E S

**MS. OLGA BROWN**
SBOT NO. 03155500
Attorney at Law
111 Soledad, Ste. 1725
San Antonio, Texas 78205
Telephone: (210)226-1550
          **ATTORNEY FOR PLAINTIFF**


**MR. JUSTIN BARBOUR**
SBOT NO. 24055142
Schmoyer Reinhard, LLP
17806 IH 10 West, Ste. 400
San Antonio, Texas 78257
Telephone: (210)447-8033
          **ATTORNEY FOR DEFENDANTS**

**VOLUME 1 OF 1 VOLUME(S)**
**ORDER GRANTING DEFENDANTS' FIRST AMENDED**
**RULE 91a PARTIAL MOTION TO DISMISS**

APRIL 9, 2015                                           PAGE    VOL.

Appearances....................................  2      1

Index..........................................  3      1

Proceedings....................................  4      1

Court's Ruling.................................  7      1

Adjournment....................................  7      1

Court Reporter's Certificate...................  8      1

WITNESS INDEX

| PLAINTIFF'S WITNESS(ES) | DIRECT | CROSS | VOIR DIRE | VOL. |
|---|---|---|---|---|
| (None) | | | | |

| DEFENDANTS' WITNESS(ES) | DIRECT | CROSS | VOIR DIRE | VOL. |
|---|---|---|---|---|
| (None) | | | | |

EXHIBIT INDEX

PLAINTIFF'S EXHIBIT(S)

| NO. DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|
| (None) | | | |

DEFENDANTS' EXHIBIT(S)

| NO. DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|
| (None) | | | |

THE COURT: 2014-CI-16674 Cearth Faire versus FMP SA Management Group, d/b/a Food Management, Partners, LLC, All Jones, LLC, Allen J. Jones, Individually and Peter Donbavand, Individually.

Let the record reflect that we have Mr. Barbour here on behalf of....

MR. BARBOUR: FMP SA Management.

THE COURT: And we have Ms. Brown here on behalf of?

MS. BROWN: Cearth Faire.

THE COURT: Thank you. And today we're here on a motion to enter, and I have been given the proposed order by Mr. Barbour titled Order Granting Defendant's First Amended Rule 91a Partial Motion to Dismiss.

And, specifically, Ms. Brown, what objections, if any, do you have to the language? If you could direct the Court to the exact language, which paragraph, and how you'd like to it be to changed.

MS. BROWN: Your Honor, we strictly object to the part of the order that orders the plaintiff's claim for promissory estoppel be dismissed and I have arguments and --

THE COURT: So specifically is that --

MS. BROWN: -- and the --

THE COURT: Ms. Brown --

MS. BROWN: -- and the --

THE COURT: Ms. Brown, I need to know specifically is that on Paragraph 2 or paragraph 1?

MS. BROWN: Where the order reads "it is further ordered that the plaintiff's claim for promissory estoppel," I would like for "promissory estoppel" to be deleted from the order.

THE COURT: And do you believe that -- and you were here initially on what date?

MR. BARBOUR: On March 18th, Your Honor.

THE COURT: On March 18th, did you -- you disagree that the Court granted summary judgment with regard to promissory estoppel?

MS. BROWN: No, Your Honor. I don't agree with that and here's the reason why.

THE COURT: What I want to know is do you believe I ordered it on that day or you do not believe I ordered it that day?

MS. BROWN: You ordered it that day, but I want to state on the record an objection to that because Mr. Barbour misrepresented to you the fact that the rule required for us to nonsuit that claim and that is definitely not what the rule says.

THE COURT: I'm sorry, Ms. Brown. On a

motion to enter, it is strictly an administerial hearing wherein I memorialize what took place in our initial hearing which was in March.

So if you would like to ask the Court to reconsider, I'd be happy to do that but it needs to be properly in a motion to reconsider.

But this today is simply a motion to enter the order that was the Court's back in March 18th of 2015.

MS. BROWN: But on the other hand, Your Honor, I do not want to try this Rule 91a motion by consent.

I do not want to bring that -- my objection to that for the first time in appeal, so I want a record that today before this Court that I have requested and are stating and prepared to argue why the promissory estoppel section of this order must be deleted.

THE COURT: I respectfully disagree.

Are there any other objections to any other language which you believe the Court did not -- the Court ruled upon and it improperly or not correctly stated according to the Court's rule -- not that you disagree with but you think that any language in here does not reflect the Court's ruling from March?

MS. BROWN: The other objection that I have, Your Honor, is that Mr. Barbour included in his order that the defendants be awarded reasonable attorney's fees incurred with respect to the challenged causes of action.

THE COURT: Would you agree or disagree, Mr. Barbour, that the Court did not award attorney's fees back in March?

MR. BARBOUR: At that time, no, Your Honor, but Rule 91a does make an award of fees mandatory upon granting that motion.

THE COURT: Okay. Again, I did not order in March. I am not going to include it in my order of today.

If you would like for me to reconsider it, you know the proper procedure. Your request as to the last sentence of the order requested it is hereby granted.

Is there any other objections that you have to the proposed order, Ms. Brown?

MS. BROWN: No. None further, Your Honor. Thank you so much.

THE COURT: Thank you. Then we'll stand adjourned. Thank you very much.

STATE OF TEXAS   )
COUNTY OF BEXAR )

I, Maria E. Fattahi, Official Court Reporter in and for the 57th District Court of Bexar, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $56.00 and was paid/will be paid by Ms. Olga Brown.

WITNESS MY OFFICIAL HAND on this the 20th day of April, 2015.

_____
Maria E. Fattahi, CSR, RPR, CRR
Texas CSR 3566, Exp. 12/31/15
Auxiliary Official Court Reporter
101 W. Nueva, Ste. 301
San Antonio, Texas 78204
Telephone: 210-335-1594
E-mail: maria.fattahi@bexar.org

# Tab 8

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2014-CI-16674

CEARTH FAIRE                    ) IN THE DISTRICT COURT
                               )
                               )
VS.                            ) 150TH JUDICIAL DISTRICT
                               )
                               )
FMP SA MANAGEMENT GROUP, LLC,  )
ET AL.                         ) BEXAR COUNTY, TEXAS
*************************************************************

MOTION FOR NEW TRIAL

*************************************************************

On the 6th day of May, 2015, the following came on to be heard in the above-entitled and numbered cause before the Honorable Antonia Arteaga, Judge presiding, held in San Antonio, Bexar County, Texas:

Proceedings reported by computerized stenotype machine.

**APPEARANCES**

MR. JEFFREY SMALL
SBOT NO. 00793027
     12451 Starcrest Drive, Suite 100
     San Antonio, Texas  78216
     Phone:  (210) 496-0611
          Appearing for Cearth Faire


MS. OLGA BROWN
SBOT NO. 03155500
     111 Soledad Street, Suite 1725
     San Antonio, Texas  78205
     Phone:  (210) 226-1550
          Appearing for Cearth Faire


MR. JUSTIN J. BARBOUR
SBOT NO. 24055142
     17806 West IH 10, Suite 400
     San Antonio, Texas  78257
     Phone:  (210) 447-8033
          Appearing for FMP SA Management Group, LLC,
          et al.

CHRONOLOGICAL INDEX

VOLUME 1 OF 1

*MARCH 18, 2015*

                                      PAGE    VOL.

Appearances.............................  2     1

Court Reporter's Certificate............ 28     1

*P R O C E E D I N G S*

THE COURT: 2014-CI-16674, Cearth Faire versus FMP SA Management Group, LLC, DBA Food Management Partners; All Jones, LLC; Allen J. Jones, individually; and Peter Donbavand, individually.

If I could have the attorneys please identify themselves for the record and whom they represent beginning on my left?

MR. SMALL: Jeff Small for Cearth Faire.

THE COURT: Thank you, Mr. Small.

MS. BROWN: Your Honor, Olga Brown, also for Cearth.

THE COURT: Good morning, Ms. Brown.

MR. BARBOUR: Good morning, Your Honor. Justin Barbour for defendants.

THE COURT: Good morning, Mr. Barbour.

MR. RAY: Your Honor, I'm Robert Ray. I'm not counsel of record on this matter, but I am counsel of record for one of the defendants in another cause of action that has bearing on this one.

THE COURT: Okay. So we're going to let you have a seat and just hang out with us this morning.

MR. RAY: If you don't mind.

THE COURT: I don't mind at all.

MR. RAY: Thank you.

THE COURT: And it is currently 8:25, and we are scheduled to hear a motion for a new trial. The Court has granted you 60 minutes in order to present, which is highly unusual in the 57th. Ordinarily our motions for new trial are anywhere from 15 to 30 minutes, but your legal assistant is quite persuasive, Ms. Brown. So we agreed to go ahead and give you the full hour.

So with that, you have the floor. Or is it going to be you or Mr. Small?

MS. BROWN: Your Honor, I would like to make the opening, have Mr. Barbour address it, and then Mr. Small kind of close it if that's all right with Your Honor.

THE COURT: Okay. So you'd like to start out and then -- well, this is what we'll -- give me the reasons why you believe that I got it wrong the first time. And then if you'd like to allow Mr. Small to chime in -- I don't need opening, I don't necessarily need closing remarks at all, but we want to get straight to the meat of the matter.

Ms. Brown, I'll let you begin.

And then, Mr. Small, you can take it up.

And then we're going to hear from Mr. Barbour. If there's any reply necessary in between,

we will direct accordingly.

Go ahead, Ms. Brown.

MS. BROWN:  Thank you, Your Honor.

And once again, it's nothing that the Court did wrong at all, but here's where I -- the reason that we're asking this morning that you deny the motion on -- and -- reconsider and deny the motion, frankly, for this, Your Honor:  Because the defendants --

THE COURT:  Let's be clear --

MS. BROWN:  Yes.

THE COURT:  -- there is no motion to dismiss.

MS. BROWN:  Yes.

THE COURT:  Okay.

MS. BROWN:  Because for the simple reason, Your Honor, that the defendants did not meet the requirements of 91(a).  That rule has very specific rules.  And I would like to direct the Court's attention to Rule 91(a)(2).  And it addresses contents of the motion.  And this requirement that they did not meet does not support the ruling of this Court in this way, Your Honor:

On February 3rd, 2015, the defendants filed their last pleading, and it was an amended 91(a) partial motion for dismissal.  Over a month later -- and it was

timely -- the petitioner filed an amended motion dropping the cause of action for promissory estoppel and adding oral gift of real estate.

Following that, Your Honor, the defendants were required to do one of two things. They either had to amend their motion to dismiss or to withdraw their motion. They did neither. Even though in their response, Your Honor -- we stated this is a new cause of action that we're adding. And in all fairness we filed this 10 days before the March 18th hearing that Your Honor entertained.

Now, because they failed to meet this 91(a)(2) contents of the motion, the Court's ruling cannot support the denial.

91(a) -- the granting of 91(a), Your Honor, is done in three instances. And I'll be really brief.

One is that there's not a recognized cause of action in this state. Oral gift of real estate is a recognized cause of action in this state.

The second instance in which the motion is granted is if on the facts -- the facts of -- petitioner cannot gain relief. For example, if the petitioner in a say auto accident pleads that the accident happened 15 years ago and there was no tolling statute, then on its face that pleading is -- cannot bring relief to the

petitioner. In that instance the motion to dismiss is granted.

The third one is when a petitioner attached an -- a document or a affidavit, let's say an insurance policy. And the insurance policy definitely does not -- states that there's no coverage or he's not a named insurer (sic). And I've looked at all the cases, Your Honor, and it's only on those three case -- those three general groups of cases that a motion to dismiss is granted.

The Court in making a legal analysis of whether or not to grant the motion must do this: Do the allegations of the pleading state a cause of action which authorizes relief?

Our cause of action for oral gift of real estate is a viable cause of action. It's a recognized cause of action.

And in that case, Your Honor, because it was not challenged, it was not challenged by the defendant --

THE COURT: What specifically do you say was not challenged? The cause of action on oral gift of real estate?

MS. BROWN: That's correct, Your Honor.

THE COURT: Okay.

MS. BROWN: And like I said, he had to amend his motion or withdraw it, one of the two. He did not do that.

And so, Your Honor, this -- the Court does not have discretion to determine whether or not the contents of the motion were met or not. They either were met or they were not.

For example, he did not challenge and state specifically what his challenges were. So, therefore, this Court I believe should reconsider their ruling on this and deny their cause of action.

The same thing, Your Honor, applies for our claim of conspiracy. In his third amended petition for -- to dismiss or in his third motion to dismiss -- excuse me. Clear the record. In his second amended motion to dismiss, he alleges that there's no cause of action because of intra-corporate immunity.

I came back, Your Honor -- Mr. Small and I came back and we amended our pleadings and said basically the corporate officers were not acting in their corporate duties. They were acting as individuals.

Conspiracy is basically this: One or more individuals getting together to commit an unlawful act. And so that too, Your Honor, is not supported by the

motion.

In other words -- in other words, he did not meet the legal requirements of the rule. And, therefore, the ruling that the motion be granted cannot stand.

And basically, Your Honor, like I said, we pointed this out to the Court in the original hearing on March 18th. We said he did not amend.

Mr. Barbour on behalf of the defendants went on. And even in the response that he filed yesterday after --

THE COURT: I'm sorry, Ms. Brown, if I can interrupt just a second. You seem very clear on your statements with regard to the arguments made on March 18th.

MS. BROWN: Yes.

THE COURT: Is there a transcript available?

MS. BROWN: Yes, there is, Your Honor.

THE COURT: Okay. Thank you.

MS. BROWN: And I have it with you (sic) and -- because the defendants allege that we didn't bring it up to the attention of the Court. We did.

THE COURT: Okay.

MS. BROWN: And I have the transcript. And

it's page 6 lines 10 and 11 of the transcript.

THE COURT: Thank you.

MS. BROWN: And Mr. Small at that time also informed the Court that this proceeding is basically about pleadings. That the rule strictly says the Court cannot entertain evidence. What happened in that March 18th meeting was evidence. But this whole 91(a), the new rule, is about pleadings. Did the attorneys, Mr. Jeff Small and I, plead correctly oral gift of real estate?

We did. It went unchallenged. And, therefore, Your Honor, we're saying please reconsider and deny their motion in its entirety.

THE COURT: Thank you.

Mr. Barbour, would you like to reply at this point or would you like Mr. Small to go ahead.

MR. BARBOUR: I would yield to plaintiff's discretion. If Mr. Small feels like he can blend in at this point, I would be happy to respond after that but --

MR. SMALL: Your Honor, I don't have a whole lot to add because Ms. Brown was very succinct. Just using the language of the Rule 91(a)(5) says that the Court may not rule on a motion to dismiss after nonsuit or amendment. So consequently the promissory

estoppel is beyond the Court's reach.

And similarly 91(a)(2), you know, does say that -- that the pleadings must tell why -- it must address each cause of action. Well, oral gift of real estate was in our fifth amended petition, but it was not in FMP's live 91(a) motion so consequently that too is beyond the Court's reach.

So promissory estoppel is not in the fifth amended, but yet it was addressed and ruled on. And I would contend that according to the rule that promissory estoppel and oral gift of real estate are both beyond the Court's discretion.

THE COURT: Thank you.

Mr. Barbour.

MR. BARBOUR: Yes, Your Honor. I'll get to the substance of I think plaintiff's argument in a moment, but first Your Honor hadn't quite asked whether this objection was raised at the March 18th hearing, which the motion to dismiss was originally argued.

Ms. Brown directed us to page 6, lines 10 and 11 of the hearing transcript, which I think is at tab 3 of the binder that Your Honor has.

And as I read page 6 line 3 (sic), that's actually me talking just giving an overview of plaintiff's sexual harassment claim, which is not at

issue in the motion to dismiss at all.

THE COURT: I believe it's page 6, line 10 and 11 that she referenced.

MR. BARBOUR: 10 and 11, Your Honor, yes, Your Honor, that's what I'm looking at as well. I apologize if I misspoke, but that is me giving an overview of plaintiff's sexual harassment claim under chapter 21, which isn't a target of the motion to dismiss at all. That is certainly not plaintiff raising an objection as to the fact that the contents of the motion aren't directed to the oral gift or amended conspiracy claim.

So on that basis, Your Honor, there's authority cited in our response indicating that the parties have a duty to raise objections, to raise concerns to the Court at their earliest opportunity. In this case that was indisputably at the March 18th hearing at which these arguments were made.

Plaintiff declined to raise these objections at that time and instead argued the motion on the merits. I don't know why that would be, but that was the tactic they chose, Your Honor. So our contention would be that any such arguments have been waived at this point and would not be a ground to either reverse the Court's decision on the motion to dismiss or

potential error on that point.

THE COURT: Can we pause for just a second?

MR. BARBOUR: Yes, Your Honor.

THE COURT: Ms. Brown, did you mean to bring the Court's attention to a different part of your transcript?

MS. BROWN: I will, Your Honor. I'm going to have Mona look through it. I must have quoted the wrong --

THE COURT: Okay. Just let us know when you're ready.

Mr. Barbour, I'm going to allow you to continue.

MR. BARBOUR: Yes, Your Honor.

So that initial point aside, Your Honor, next we're turning to the property-related claims where Ms. Faire is in essence attempting to ask the Court at trial or at some point to compel defendants to transfer title to a home that she's living in currently without any written agreement between the parties whatsoever under the guise that there was a promise of a gift at some point that this home would be transferred.

Ms. Brown, as I understand, is arguing that this oral gift claim wasn't before the Court at the March 18th hearing and therefore can't be the subject of

the motion to dismiss.

In my perspective, I see a few different issues with her contention here. The first, Your Honor, is that rule 91(a)(5)(a) clearly describes what a plaintiff has to do or what a party has to do if they don't wish to take a claim all the way through the motion to dismiss hearing.

Mr. Small has suggested that a claim is nonsuited or amended, that it's beyond the Court's reach. With all due respect to Mr. Small, Your Honor, I don't believe that's correct.

Rule 91(a)(5)(a) specifically says the Court may not rule on a motion to dismiss if at least three days before the date of the hearing the respondent nonsuits the challenge cause of action or the movant files a withdrawal of the motion.

We did not withdraw our motion, and plaintiff very clearly did not file a nonsuit of her claim of promissory estoppel. Meaning, Your Honor, no matter where we end up, as of the March 18th hearing, the promissory estoppel claim is still both before the Court and also it's also subject to that motion to dismiss.

Plaintiff is now alleging that she dropped the promissory estoppel claim and instead amended this

new claim for oral gift of real estate.

They're not separate claims, Your Honor. They are the same claim entirely. And plaintiff has merely repackaged the existing claim, which has been present in her petition under the guise of a promissory estoppel claim since late October trying to avoid the motion to dismiss through this kind of I would call gamesmanship potentially, Your Honor, but certainly a nonsubstantive change there.

It's reflected by plaintiff's pleadings, there's no substantive difference between the nature of the underlying allegations whatsoever between this alleged promissory estoppel and the subsequent oral gift claim.

Plaintiff's third amended petition, which alleged the quote, unquote promissory estoppel claim four times alleges that plaintiff was quote, unquote gifted the property.

And then we move to the fourth petition which is filed in response to the motion to dismiss. And then she removes the term promissory estoppel and inserts the term oral gift of real estate suggesting that it's a different claim and that we then have to kick this can down the road later on to another motion to dismiss hearing, but that's neither warranted nor

necessary, Your Honor. It's all the same claim trying to compel a transfer of property in the absence of a statute of frauds.

And specifically to this point, Your Honor, I would argue that plaintiff has conceded the fact that the oral gift claim is, in fact, addressed in the Rule 91(a) motion to dismiss.

On page 2 of her response to that motion, plaintiff argues, quote, by their Rule 91(a) motion, defendants challenge plaintiff's claim for an oral gift of real estate.

And then she continues on to some of the merits of that.

But plaintiff admits in her response that the oral gift claim is in fact challenged by the Rule 91(a) motion to dismiss. And subsequently falling back from that position trying to, you know, argue the exact opposite at this point, Your Honor, has no basis whatsoever and she's bound to her prior pleadings, which admitted which claims were in fact addressed in that motion.

And then finally, Your Honor, I would note that I respectfully take issue I think with Mr. Small's interpretation and Ms. Brown's interpretation of Rule 91(a) which seemingly would require the parties, you

know, to constantly be amending their Rule 91(a) motion to dismiss every time an amended pleading is filed in response to it. That's not what the rule requires.

The rule requires you state the basis on which there's no basis in law or no basis in fact for the claim alleged.

Our Rule 91(a) motion contends -- properly I believe -- that plaintiff's claim for a property-related claim trying to compel the transfer of this home is barred by the statute of frauds, that she has not shown any exceptions, you know, available to that claim to show that even accepting all of her allegations as true, she would be able to compel the transfer of that property in the absence of a written agreement.

It doesn't matter whether you style the argument as promissory estoppel, oral gift of real estate, or whatever other claim plaintiff may conjure later on in this litigation potentially. The statute of frauds is still the reason that claim fails. That defense and that argument is stated succinctly and sufficiently under Rule 91(a) to articulate why plaintiffs can't recover and their claim has no basis in the law. And, therefore, the motion to dismiss is appropriate.

THE COURT: Thank you, Mr. Barbour.

Give me just one second please, Mr. Small.

MR. SMALL: Yes, ma'am.

(Short pause.)

THE COURT: We're back on the record.

Mr. Barbour, you're standing. Was there something more?

MR. BARBOUR: As to the oral gift claim, Your Honor, I would finally note, none of plaintiff's arguments contend that she has in fact alleged a sufficient claim for this oral gift of real estate. At our hearing, we discussed in detail the fact that plaintiff has not shown any present gift, any immediate transfer of property as necessary to state that claim. So all of these technicalities of Rule 91(a) aside, which I also believe are baseless, at the end of the day she still has not alleged a claim that stands up to scrutiny for this transfer of real estate. And, therefore, Your Honor, I believe that it was, in fact, appropriate for the Court to dismiss that property-related claim.

Would the Court like me to address the conspiracy claim at this time, as well?

THE COURT: Yes.

MR. BARBOUR: Yes, Your Honor.

Finally we turn to the conspiracy claim and plaintiff's argument again at this point is essentially that because she filed an amended petition in response to the motion to dismiss, that therefore this claim was somehow beyond the Court's reach and the Court could not reach the merits of whether or not she had alleged that conspiracy claim.

This is not within Rule 91(a) either, Your Honor. Rule 91(a) requires that we file a motion to dismiss, identify the cause of action in fact that it can't go forward. It allows the plaintiff the option to either respond to the motion to dismiss or to amend her pleadings, which it does, but the rule does not foreclose the Court's ability to rule on a motion to dismiss notwithstanding that amendment, that the Court has full discretion to evaluate the merits of that claim and to see whether there's a basis in law or a basis in fact for that claim and to move forward.

Plaintiff's reasoning to Rule 91(a), we would indefinitely be cycling through and forever amending our pleadings and amending our motions and never reaching the goal of Rule 91(a), which is the efficient resolution and dismissal potentially of patently frivolous and baseless causes of action.

THE REPORTER: Would you please slow down.

MR. BARBOUR: I apologize for that. I apologize.

So there being no requirement that we have amended our Rule 91(a) motion in response to her amended petition, that arguments falls flat.

And again, Your Honor, I would turn to the merits of plaintiff's conspiracy claim. And again at the March 18th hearing on the motion to dismiss, plaintiff was completely unable to identify a single allegation in her petition that showed an unlawful or illegal act taken by any of defendants whatsoever. Therefore, that claim has no basis in law under the wording of Rule 91(a)(1) because her allegations even taken as true would not entitle her to the relief sought. Meaning if we took her petition and put it in front of a jury and said everything in here is true, they would not be able to render a verdict for her on that conspiracy claim because there's no unlawful or illegal acts alleged anywhere within that petition.

And so for those reasons, Your Honor, we would suggest that the Court was entirely proper in dismissing plaintiff's property-related claims and her conspiracy claims. And respectfully I ask that the Court deny the plaintiff's motion for new trial.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, round two.

MR. SMALL: Your Honor, having been engaged in an oral gift of real estate case in Kendall County for the best part of the last two years revolving around a supposed 1500 acre gift of a ranch, I can state categorically that I have yet to see one case dealing with an oral gift of real estate that equates that cause of action to promissory estoppel. They are two different things. And taking issue with counsel's suggestion of what 91(a) does and does not permit, 91(a)(5) is titled effective nonsuit or amendment. The Court may not rule on a motion to dismiss if at least three days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action or the movant withdraws the motion.

And I would suggest that the cases say that an amendment that drops a cause of action -- an amended petition that drops a cause of action is effective nonsuit of that particular cause of action. And here again --

THE COURT: When you say you believe the cases say, which cases are you --

MR. SMALL: I was not prepared to present a case to the Court, but I will be happy to provide that authority to the Court and to Mr. Barbour because if --

I've run into case where even if you drop a defendant out of the caption on a case, you have effectively dropped them out of the case. So, you know, that's the equivalent of a nonsuit.

THE COURT: And so I'm going to ping-pong back to Mr. Barbour.

Mr. Barbour, would you agree or disagree that by dropping a cause of action that that is the effect of a nonsuit and so -- which is the -- then would fall within the realm of subsection A?

MR. BARBOUR: I would not, Your Honor. You know, Rule 162 specifically provides for nonsuits to occur and there's a nonsuit pleading a plaintiff has to file or a claimant has to file obviously to nonsuit that claim. And under Texas' notice pleading standards, you know, headings frankly are irrelevant to a plaintiff's claim anyway. You know, it's the content of the pleading that we're looking at. So whether a plaintiff styles her claim as promissory estoppel or oral gift or whatever the case may be, the underlying claim itself, you know, does not change in light of that.

So I think if the framers of Rule 91(a) wanted to allow for the, you know, the amendment of the pleading to withdraw that cause of action, they would have provided for that, respectfully, Your Honor. They

did not. They specifically required a nonsuit, which is a very clear delineated bright-line action. You're either forgoing the claim voluntarily and nonsuiting it or, you know, an amendment may or may not, you know, we're left in this gray area. And plaintiff having not followed that very clear procedure to specifically and affirmatively disallow the promissory estoppel claim by nonsuiting it means that, you know, it's still there intertwined with this oral gift claim as conceded in her response to the motion to dismiss.

THE COURT: Thank you, Mr. Barbour.

And before we go any further, Mr. Small, and right now the Court is of the mindset that I really would like case law, but did we find within the transcript from March 18th the portion where the argument that was made this morning was in fact made on March 18th?

MR. SMALL: Yes, ma'am. It was Page 11 lines 10 and 11, not page 6.

MS. BROWN: Apologize for that, Your Honor.

THE COURT: It's okay. Page 11, lines --

MR. SMALL: Page 11, lines 10 and 11 are the most succinct place I think.

(Short pause.)

THE COURT: Mr. Barbour, would you like to

respond at this time?

MR. BARBOUR: I would, Your Honor. As I read lines -- page 11, lines 10 and 11, you know, there's -- they have not objected to our current pleading. I see that. I don't see any argument there that the motion to dismiss is defective or can't proceed based on its current content whatsoever. They were an affirmative duty. If they're wanting to argue that the quote, unquote, contents of the motion as provided under Rule 91(a)(2) must specifically address it and that it's insufficient, that's not at all spelled out there, Your Honor. And even if they did, they never asked the Court for a ruling on that motion at that time and it wasn't raised, you know, as a formal objection. It's an aside that doesn't at all raise these issues for the Court's review.

And so I would both argue that it's not a proper objection whatsoever and it certainly was not preserved at that point to be raised in the motion for new trial. So I don't think they exhausted their burdens at all.

THE COURT: Thank you, Mr. Barbour.

Mr. Small, I'm going to let you hopefully tie up any loose ends at this time.

MR. SMALL: I would.

The last thing. And counsel appear to be attempting to tag Ms. Brown with some kind of admission that promissory estoppel and oral gift of real estate are one and the same, but the fact of the matter is that 91(a) explicitly states that this is a ruling only on the pleadings. And the pleadings say what the pleadings say. No evidence, no argument of counsel, no nothing. It's the pleadings and the pleadings alone.

And we would ask that the Court deny their 91(a) motion to dismiss. Thank you.

THE COURT: Thank you, Mr. Small.

So what we're going to do is we're going to allow Mr. Small to submit by e-mail and only for this purpose, and CC Mr. Barbour, his two cases on the issue of 91(a) and whether dropping a cause of action in fact falls into the realm that would permit the argument that was made today. Only that case. And he's going to get it to me before noon. Yes? Yes. And that way Mr. Barbour -- I don't know if you're doing anything before 2:00 today or not. I really would -- I want to have some finality one way or another. And I want to let you guys know before 5:00 if at all possible. So if you would like that, then Mr. Small can get it to me before noon, and then you can have until what time afternoon to respond, Mr. Barbour?

MR. BARBOUR: You said 2:00, Your Honor, that would be fine by me.

THE COURT: Okay. So 2:00 and that way -- so that would be wonderful. If you get it before then -- I have lunch between 12:00 and 1:30 and I don't have a judges' meeting at lunch so -- just so you know the Court's schedule. But with that, I appreciate your arguments. I appreciate your early morning rise in coming to the 57th this morning. And y'all are excused. Thank you very much.

(Proceeding concluded.)

STATE OF TEXAS

COUNTY OF BEXAR

I, Mary Martinez, Certified Court Reporter in and for Bexar County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of the proceedings requested in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 216.00 (expedited) and was paid by ___ Ms. Olga Brown ___.

To which I certify on this the ___ 15th ___ day of ___ May ___, 2015.

```
    /s/ Mary Martinez
Mary Martinez, CSR 5943
57th District Court
Bexar County Courthouse
100 Dolorosa Street
San Antonio, Texas 78205
Telephone: 210.335.1602
Exp: 12-31-2016
```